STATE, *ex rel* MAE VANN SANDER:, a widow, v. CITY OF COLEMAN.

190 So. 604
Division A
Opinion Filed July 18, 1939

312

*Hope Strong* and *G. P. Garrett,* for Plaintiff ·in Error; *McCollum & Howell,* for Defendant in Error.

BUFORD, J.—Plaintiff in error procured amended writ of mandamus commanding the relator as follows:

"THESE PRESENTS ARE, THEREFORE, TO COMMAND YOU to include in the budget of said City for the fiscal year of .1938-1939 a specific appropriation of a sum sufficient to pay relator's said claim in full, and to include in the annual tax levy ordinance of said City of said fiscal year a special tax sufficient to pay said appropriation in full; and to assess, enter, calculate and carry out the said special tax upon the tax rolls of said Town; to collect said Special Tax so levied and assessed, and place and keep the funds derived therefrom in a special sinking fund as and when collected, for the payment and retirement of said described bonds and interest coupons; and to execute and/or certify all papers, certificates and resolutions, and do and perform all acts and duties in the · premises necessary to effectuate the commands aforesaid.

"And you are hereby required to be and appear before this Honorable Court at Bushnell, Sumter County, Florida, on the 12th day of September, A. D. 1938, at 10:00 o'clock and show cause, if any you can, why a peremptory writ of mandamus should not be issued herein requiring you to do and perform the acts and duties aforesaid."

Attached to the writ and made a part thereof was copy of one of the bonds and upon which petitioner's claim to the right of mandamus is based. That bond, with endorsements thereon, reads as follows:

"EXHIBIT A

| Number | UNITED STATES OF AMERICA | Dollars |
|---|---|---|
| "14 | | $500.00 |

"STATE OF FLORIDA
"County of Sumter

"TOWN OF COLEMAN

"COLEMAN PAVING BONDS, SERIES 'A' OF THE TOWN OF COLEMAN, FLORIDA,

"KNOW ALL MEN BY THESE PRESENTS: That the Town of Coleman, in the State of Florida, is justly indebted and for value received hereby promises to pay to the bearer on the first day of August, A. D. 1936, the principal sum of FIVE HUNDRED DOLLARS with interest thereon at the rate of six per centum per annum from the first day of August, 1926, payable semi-annually on the first day of February and the first day of August of each year, upon the presentation and surrender of the annexed interest coupons as they severally become due. Both principal and interest of this bond are payable in gold coin of the United States of America, of the present standard of weight and fineness, at the office of the National City Bank of the City of New York in the State of New York, and for prompt payment hereof both principal and interest as the same become due and payable, the full faith, credit and resources of said City are hereby irrevocably pledged.

"This bonds is one of a series of fifteen (15) bonds of like date, tenor and amount, except as to maturities, aggregating Seven Thousand Five Hundred ($7,500.00) Dollars and issued for the purpose of paying the proportion of the

cost of certain street improvements assessed against property bounding and abutting upon such improvements in the Town of Coleman, Florida, under the authority of, and in full compliance with Chapter 9298 of the Laws of Florida, Acts of 1923, and pursuant to resolution duly passed by the Town Council of said Town.

"It Is Hereby Certified and Recited that all acts, conditions and things required to be done, precedent to and in the issuance of this bond by the Laws and Constitution of said State and the ordinances of said Town, have been done and have happened; that special assessments against adjoining property for improvements equal to this bond have been set aside as a trust fund for the payment of the principal and interest of this bond, and that in addition thereto, provisions have been made for the levy and collection of direct annual tax upon all the taxable property of and within said Town, sufficient to pay the interest and principal of this bond as the same shall become due and payable, should said special assessments for any reason become insufficient for the payment of such principal and interest; and that the total indebtedness of said Town, including this bond, does not exceed any constitutional or statutory limitation.

"In Witness Whereof, the said Town of Coleman, Florida, has caused this bond to be signed by its Mayor, President of Town Council, and Clerk, under its corporate seal, and the interest coupons hereto attached to be signed with the facsimile signatures of said Officers, as of the first day of August, A. D. 1926.

"A. W. Kimbrohgh, Mayor, Town of Coleman, Florida.
"(seal of town of coleman)
"H. H. Hall, Town Clerk, Town of Coleman, Florida.
"M. T. Caruthers
President, Town Council, Town of Coleman, Florida.
"(Conn.)

"Exhibit A

"Number 14
"State of Florida
"Town of Coleman
"County of Sumter
"$500.00
"6 Per Cent Paving Bond, Series 'A'
"Principal Due August 1st, A. D. 1936
"Interest Payable February 1st and August 1st in each year
"Payable at National City Bank, New York City, N. Y.

"Certificate of Validation

"This Bond was validated and confirmed by decree of the Circuit Court of the 16th Judicial Circuit of Florida, in and for Sumter County, bearing date of the 14th day of October, A. D. 1926.

"(Signed) W. N. Potter, Clerk of the Circuit Court
Sumter County, Florida
"(seal of circuit court)

"Exhibit 'B'

"Coupon No. 3    , "Copy of Coupon    $15.00

"On February 1st, 1928, the Town of Coleman, Florida, will pay to the bearer, at the office of the National City Bank, New York City, the sum of Fifteen ($15.00) dollars in gold coin of the United States of America, of the present standard of weight and fineness, being the semiannual interest due that day on its Coleman Paving Bonds, Series 'A' dated August 1, 1926, and numbered 4.

"A. W. Kimbrough, Mayor, Town of Coleman, Florida.
"H. H. Hall, Town Clerk, Town of Coleman, Florida.

"M. T. Caruthers
"President, Town Council, Town of Coleman, Florida."

Copy of the decree of validation was also attached to and made part of the alternative writ.

The record shows that that decree was entered in the case of the Town of Coleman, a municipal corporation, Petitioner, v. State of Florida, defendant, and the judgment, *inter alia,* was:

"This cause coming on to be heard upon the original petition and upon the order against the State of Florida, requiring it, through the Honorable J. W. Hunter, State Attorney, in and for the Sixteenth Judicial Circuit of the State of Florida, to show cause before this Court on the 14th day of October, A. D. 1926, at three o'clock P. M., why bonds of the Town of Coleman, a municipal corporation in Sumter County, Florida, in the sum of Seven Thousand Five Hundred ($7,500.00) Dollars should not be validated and confirmed, which said order was made and entered upon the 22nd day of September, A. D. 1926, and upon notice by the Honorable W. N. Potter, Clerk of the Circuit Court in and for Sumter County, Florida, addressed to the Citizens and Taxpayers of the Town of Coleman, Florida, a municipal corporation, requiring them on the 14th day of October, A. D. 1926, at three o'clock P. M., at Bushnell, Sumter County, Florida, to show cause, if any they have, why said bonds should not be validated and confirmed; and

"It further appearing unto the Court that a copy of the petition in this cause, together with a copy of the order heretofore issued in this Court directed to the State of Florida, was served on the Honorable J. W. Hunter, State Attorney in and for the Sixteenth Judicial Circuit of the State of Florida on the 22nd day of September, A. D. 1926, and more than eighteen (18) days before the date fixed in said order for the hearing in this cause; and

"It further appearing unto the Court that the said notice

to the Citizens and Taxpayers of the said Town of Coleman, Florida, issued by the Clerk of the Circuit Court of Sumter County, Florida, was published in the Sumter County Times, a newspaper of general circulation published in the County of Sumter, State of Florida, there being no newspaper published in the Town of Coleman, Florida, once each week for three (3) consecutive weeks before the date fixed for this hearing, the first publication thereof being more than eighteen (18) days prior to the date fixed for said hearing; and

"It further appearing to the Court that the State of Florida acting by and through its State Attorney in and for the Sixteenth Judicial Circuit of the State of Florida, has shown no cause why said bonds should not be validated and confirmed and it further appearing unto the Court that there is and has been no intervention or objection filed on the part of any citizens or taxpayers in any way contesting or objecting to the validation of said bonds;

"It Is Therefore, upon Consideration Thereof, Ordered, Adjudged and Decreed that the equities of said cause are with the petitioner and that the prayer of said petition should be and the same is hereby granted, and that the said bonds of the said Town of Coleman, Florida, a municipal corporation, amounting in the aggregate to Seven Thousand Five Hundred ($7,500.00) Dollars, mentioned and described in said petition, to-wit:

"Seven Thousand Five Hundred ($7,500.00) Dollars Coleman Paving Bonds Series A, of the Town of Coleman, Florida, being fifteen (15) bonds in Number of the par value of Five Hundred ($500.00) Dollars each with appropriate interest coupons attached thereto evidencing interest on each bond payable semi-annually on February first and August first in each year beginning with the year 1927 at the rate of six (6%) per annum, to be executed in behalf

of said Town by the signatures of the Mayor, President of Town Council and Town Clerk; said bonds being dated August first 1926 and maturing serially over a period of ten (10) years beginning with the year 1927; said bonds being secured by special assessments for street improvements in said Town and in default of collection of said assessments said Bonds and interest to be paid by direct tax on all property within the corporate limits of said Town, be and the same are hereby validated and confirmed; and that when said bonds are issued, the same shall be valid and legal obligations against the said Town of Coleman, Sumter County, Florida, and that this decree shall be forever conclusive on the validity of said bonds and the validity thereof shall never be called into question in any Court in this State.

"DONE, ORDERED, ADJUDGED AND DECREED at Tavares, Lake County, State of Florida, within the Sixteenth Judicial Circuit of said State, this 14th day of October, A. D. 1926."

To the amended alternative writ motion to quash was interposed. Motion to Quash was granted; judgment was entered on relator refusing to plead further, and to that judgment writ of error is prosecuted.

The allegations of the amended alternative writ are sufficient to show that by Chapter 10429, Special Acts of 1925, the Town of Coleman was abolished and the City of Coleman was created.

The record shows that the bonds here involved were issued as of the first day of August, A. D. 1926, which was more than one year subsequent to the abolition of the Town of Coleman and the creation of the City of Coleman.

Before the relator is entitled to have relief prayed in the mandamus proceeding it must be established that the bonds involved are the bonds of the City of Coleman.

So far as the record shows, the Town of Coleman was

not authorized to issue any bonds at the date on which these bonds were issued. The bonds upon their face purport to be the bonds of the Town of Coleman and if they are to be held to be the bonds of the City of Coleman, they must be reformed. The reformation of a written instrument is the subject of equity jurisdiction exclusively. See Perkins v. O'Donald, 77 Fla. 710, 82 Sou. 401; Capital City Bank v. Hilson, 64 Fla. 206, 60 Sou. 189, Ann. Cas. 1914B 1211. The written instrument involved in this case appears to be the bond of the Town of Coleman and it may not be reformed in mandamus proceedings so as to make it a bond of the City of Coleman under the factual conditions obtaining in this case and under the showing made.

If the bond had been issued by the Town of Coleman while that municipality was in existence the obligation might be made by statute the obligation of the City of Coleman when it was created the successor of the Town of Coleman. But there is no statutory authority shown in the record whereby the City of Coleman after its creation was authorized to issue original bonds in the name of the Town of Coleman. Mandamus may be employed by holder of municipal bonds as a form of execution to enforce collection of matured interest or principal either by requiring levy of taxes to meet the requirement for making the payment, or by sequestering funds already on hand and applicable for payment. Humphreys, et al., v. State ex rel Palm Beach Co. et al., 108 Fla. 92, 145 Sou. 858. But we take it that had execution issued on a judgment against the Town of Coleman based on an obligation accruing subsequent to the abolishment of that municipality, such execution would not be effective against the City of Coleman without reformation.

The decree of validation does not show an adjudication that the bonds involved were the valid and binding obliga-

tions of the City of Coleman. Neither the State of Florida nor the taxpayers were required to answer the City of Coleman in bond validation proceedings.

So it appears that the motion to quash was properly granted and is not necessary for us to discuss other questions presented, as such other questions will be for presentation· and determination, if and when proceedings. are instituted and prosecuted for the purpose of accomplishing a reformation· of the bonds.

The order appealed from is affirmed.

So ordered.

TERRELL, C. J., and THOMAS, J., J., concur.

WHITFIELD, J., concurs in opinoin and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.