PER CURIAM.
In these consolidated appeals Beatrice R. Donner, a judgment creditor of her former husband’s estate, seeks reversal of an order granting leave to the co-executors to sell certain partnership interests of the deceased, Samuel Donner, and a subsequent order confirming the sale.
Samuel Donner, Samuel Adler, Charles Donner and Howard Mescon were owners of certain ¡undivided interests in rental apartment houses placed in various trusts. During his lifetime Samuel Donner executed a buy-sell agreement giving the other owners an option to buy his interest in these trusts in the event of his death. The agreement provided for an agreed valuation of the trust properties with periodic updates containing the revised valuations which were made to the agreement by amendments. The last amendment with the latest valuation was executed on December 1, 1972. On January 25, 1973 Samuel Donner died and in February Adler, Mescon and Charles Donner exercised their option to purchase Samuel Donner’s interest at the last valuation made on December 1, 1972. In March 1973 the co-executors petitioned for leave to sell the deceased’s interest in the trust properties and appellant objected to the sale for any sum less than full cash value. She also requested the appointment of an appraiser prior to the court’s consideration of the petition and sought the appointment of an administrator ad litem to represent the estate in this matter because of possible conflicts of interest on the part of the co-executors. Mallory Horton, Esq. was appointed administrator ad litem and directed to conduct an investigation into the validity of the buy-sell agreement. In August 1974 Mr. Horton *437 filed his report finding the agreement to be valid and further recommending that the exercise of the option by the purchasers Adler, Mescon and Charles Donner be honored. Following further hearings, additional testimony and an agreement between the co-executors and the purchasers as to the amounts due under the buy-sell agreement, the trial judge on September 9, 1975 entered an order granting leave to sell the deceased’s interest. In the order of September 9 the trial judge found that the agreement and its amendments constituted a valid and binding agreement and there was a valid exercise of the option. Beatrice Donner perfected an appeal from this order and while this appeal was pending, the trial judge on May 10, 1976 entered an order confirming the sale. Beatrice Donner also appealed this order and both appeals were consolidated.
Appellant primarily contends that the trial judge abused his discretion in authorizing the sale of the decedent’s interest in the properties covered by the buy-sell agreement.
We find there is substantial competent evidence to support the determination that (1) the buy-sell agreement including the amendments was valid and binding; and (2) Adler, Mescon and Charles Donner validly exercised their option to purchase thereunder upon the demise of Samuel Donner. Thus, the trial judge was correct in entering the orders of September 5, 1975 and May 10, 1976. See Section 733.37, Florida Statutes (1973); Hirsch v. Bartels, 49 So.2d 531 (Fla.1950); Galatis v. Plasman, 80 So.2d 918 (Fla.1955).
We also considered appellant’s other points on appeal and conclude there is no merit therein.
Affirmed.