HUBBART, Judge.
The central issue involved on this appeal is whether a trial court in a probate proceeding may reform the terms of a security agreement contracted for by the estate’s legal representative for the purpose of closing on a buy-sell agreement entered into by the decedent during his lifetime, when the effect of such reformation is to materially alter the purchase terms of the buy-sell agreement. Absent a showing of fraud, mistake or overreaching involving the buy-sell agreement, we hold that the trial court has no such authority. Accordingly, we reverse.
The facts of this case are undisputed and are in part disclosed in our prior decision of Donner v. Anton, 347 So.2d 436 (Fla. 3d DCA 1977). The decedent Samuel Donner and certain of his business associates, Samuel I. Adler, Charles Donner and Howard Mescon, were owners of certain undivided interests in rental apartment houses placed in various trusts. During his lifetime, the decedent executed a buy-sell agreement with his above business associates giving such associates an option to buy his interest in these trusts in the event of the decedent’s death. The agreement provided for an agreed valuation of the trust properties and for purchase terms of 10% of the decedent’s interest [as thus valuated] due at closing, 15% due one year later and 75% due in monthly installments over the next 10 years. The credit or unpaid portion of the purchase price was to be secured by a lien on the interest being purchased. Periodic updates containing revised valuations of the trust properties were subsequently made by amendment to the said buy-sell agreement.
On January 25, 1973, the decedent died, and the following month the decedent’s business associates exercised their option to purchase the decedent’s interest in the trust properties at the agreed upon purchase terms. The decedent’s estate through its legal representative petitioned the Circuit Court for the Eleventh Judicial Circuit of *760 Florida [where the estate was in probate] for leave to sell the deceased’s interest in the trust properties in accord with the buy-sell agreement. The trial court granted the petition over the objection of Beatrice Donner, the first of the decedent’s ex-wives, who in turn appealed such order to this court.
There being no supersedeas posted on Beatrice Donner’s appeal, the decedent’s estate representative and the decedent’s business associates proceeded to close in escrow on the buy-sell agreement. As part of the closing, the parties negotiated three security agreements in which each of the said business associates executed a promissory note, as part of the purchase price for the decedent’s interest in the land trust, collat-eralized by the property purchased by said associates. By such agreements, the collateral was fully protected against transfer, encumbrance or modification without the consent of the estate [such consent not to be unreasonably withheld], except for transactions among the business associates themselves or their estates. We view these security agreements as constituting a lien on the collateralized property to the extent necessary to satisfy the unpaid portion of the note. Such provision was in full compliance with the terms of the buy-sell agreement. The estate filed a subsequent petition to confirm the sale.
On May 10, 1976, the trial court confirmed the sale, but reformed the above security agreements employed by the parties to close on the buy-sell agreement. The court required that the security agreements be amended to provide that none of the collateralized land trusts which were the subject of the purchase under the buy-sell agreement could be terminated or dissolved without first paying in full on the promissory note executed in payment for such trusts. This amendment supersedes the more than adequate collateral protection provisions in the security agreements and directly conflicts with the purchase terms of the buy-sell agreement. In effect, the amendment requires a pre-payment in full on the promissory note before a release of any of the collateralized property on the decedent’s land trusts can take place — in violation of the installment purchase terms required by the buy-sell agreement [as represented by the promissory note] whereby portions of the collateralized property would be subject to transfer when no longer necessary to guarantee the unpaid balance of the note. Beatrice Donner appealed that portion of the order confirming the sale on the buy-sell agreement. Samuel I. Adler, Charles Donner and Howard Mescon appealed that portion of the order which purports to reform the terms of the above security agreements.
The court in Donner v. Anton, 347 So.2d 436 (Fla. 3d DCA 1977), affirmed the trial court in its orders authorizing the sale of the decedent’s interest in the land trusts in question and the order confirming the sale. Specifically, this court rejected a contention made by Beatrice Donner that the sale could not take place for any sum less than the full cash value of the property in question. We are now faced with the instant appeal which questions a portion of the order confirming the sale under the buy-sell agreement, which order purports to reform a portion of the security agreement used to close on the buy-sell agreement.
The law is well-settled that a court of equity has no authority to reform a contract in the absence of a showing of fraud, mistake, or overreaching. Freitag v. Simon, 171 So.2d 918 (Fla. 3d DCA 1965). This rule applies with equal force to a probate court when dealing with a contract made by the decedent during his lifetime. Atkinson on Wills 657-59 (2d ed. 1953). In our view, the effect of reforming the security agreement herein was to directly alter the terms of the decedent's buy-sell agreement without any prerequisite showing of fraud, mistake, or overreaching. The required amendment to the security agreement provides in effect that the decedent’s business associates [appellants herein] must pre-pay the entire promissory note as a prerequisite to acquiring any beneficial interest in any of the purchased property. Such an amendment directly conflicts with *761 the installment purchase terms under the buy-sell agreement whereby portions of the collateralized property would be subject to release when no longer necessary to secure the unpaid balance of the note. The trial court sitting in probate had no authority to so alter the terms of such buy-sell agreement by this device.
The estate’s personal representative and the other appellees herein do not deny that the effect of reforming the security agreements as ordered by the trial court was to alter the purchase terms of the buy-sell agreement. They further make no contention that the buy-sell agreement was the product of fraud, mistake, or overreaching. They contend, however, that the trial court had the authority to act as it did in order to protect the estate against a sale of estate assets upon certain unfavorable terms. See Fla.Stat. § 733.30 (1973). We disagree. Nothing in the past or present probate code gives a trial court sitting in probate the authority to reform an otherwise valid contract made by the decedent during his lifetime in which certain of the decedent’s assets are transferred to other parties. Moreover, we have previously upheld the validity of the buy-sell agreement herein against the contention that the sale authorized by the agreement should not be permitted for any sum less than full cash value. Donner v. Anton, 347 So.2d 436 (Fla. 3d DCA 1977). We were of the opinion then, and are still of the opinion, that the agreement in question is valid, and must be enforced by the courts according to its plain terms.
The order under review is reversed insofar as it reforms the terms of the security agreements. The cause is remanded to the trial court with directions to strike the court-ordered amendment to the security agreements herein.
Reversed.