505 So.2d 666 (1987)
Douglas E. GREENE and Thomas P. Smith, Etc., Appellants,
v.
A.G.B.B. HOTELS, INC., etc., Appellee.
No. 86-535.
District Court of Appeal of Florida, Fifth District.
April 16, 1987.
Michael J. Keane and Sarah M. Chaves, of Keane, Hayes & Reese, P.A., St. Petersburg, for appellants.
Julie Glocker and Frank R. Pound, Jr., of Lovering, Pound & Clifton, P.A., Cocoa, for appellee.
ORFINGER, Judge.
We reverse the order of the trial court denying defendants' motion to transfer the cause because of improper venue, in view of the absence of any record support for venue in Brevard County.
The dispute arises out of the purchase by plaintiffs from defendants of a motel in Brevard County. The complaint seeks money damages for the alleged fraudulent representations made by defendants to induce plaintiffs to purchase the property (Count I). It also seeks to reform the promissory note, secured by a purchase money second mortgage, on the ground that defendants fraudulently misrepresented the balance of outstanding obligations which plaintiffs were required to assume (Count II). Count III, like Count I, seeks money damages for an alleged violation of the Florida Rico Act, Chapter 895, Florida Statutes (1985).
Section 47.011, Florida Statutes (1985) provides:
Where actions may be begun.  Actions shall be brought only in the county where the defendant resides, where the cause of action accrued or where the property in litigation is located. This section shall not apply to actions against nonresidents.
The affidavits filed in support of and in opposition to the motion to change venue show that the defendants reside in Pinellas County, Florida. The affidavits also show that all negotiations for the purchase of the motel were conducted in Orange County, that the alleged fraudulent misrepresentations *667 were made in Orange County; that the closing of the transaction took place in Orange County and that none of the acts which give rise to the cause of action took place in Brevard County. Thus, venue in Brevard County was clearly shown to be improper based on the first two criteria of the statute, viz: residence of the defendants and accrual of the cause of action. This leaves only "where the property in litigation is located." The Brevard County motel is not "in litigation" in this action.
In Publix Super Markets, Inc. v. Cheesbro, 502 So.2d 484 (Fla. 5th DCA 1987), we explained:
The concept that certain actions which seek a decision operating directly on real property, or on the title thereto, are necessarily local in character and must be brought in the county where the real property lies has sometimes been labeled the "local action rule." [Footnote omitted].
We further said in Cheesbro that the local action rule was a rule of subject matter jurisdiction and that the venue statute, section 47.011, accommodates this jurisdictional requirement by providing that actions can be brought "where the property in litigation is located." Id. at f.n. 9. But not every action that concerns real property involves the property in the litigation.[1] In the case before us, plaintiffs seek only the recovery of money, by way of damages in Counts I and III, and by way of a reduction on their obligation under the promissory note in Count II, the count which seeks to reform the note and mortgage. The mortgage is involved only to the extent that it refers to the promissory note. Neither the property itself, nor its title is involved in the litigation. An in personam judgment against the defendants (if plaintiffs prevail on this count) reducing the amount which they may claim on the promissory note will satisfy the plaintiffs' complaint on that score.
In Lakeland Ideal Farm & Drainage District v. Mitchell, 97 Fla. 890, 122 So. 516 (1929) the court determined the applicable rule to be:
From a very early period, courts of equity having jurisdiction of the person of a party have exercised the power to compel him to perform a contract, execute a trust, or undo the effects of a fraud, notwithstanding it may relate to or incidentally affect the title to land in another jurisdiction. The doctrine is thoroughly well established within this limitation, that the principal question involved must be one of contract, trust, or fraud, raising up a duty which a person within the power of the court may be compelled to perform, although the act when performed may operate to affect, and even to pass, the title to land outside the territorial jurisdiction of the Court. [Emphasis added].
Id. at 518.
Thus, in McMullen v. McMullen, 122 So.2d 626 (Fla. 2d DCA 1960) the court held that for property to be involved in litigation *668 to the extent that the local action rule applied, it must appear that title to the land will be directly affected by the judgment of the court, and title to the property is not directly affected if the judgment can be satisfied by the payment of money. In Royal v. Parado, 462 So.2d 849 (Fla. 1st DCA 1985) the court held that an action to rescind a deed to real property was not required to be filed where the land was located because the judgment would operate primarily as a coercive, in personam action against the defendants.
Applying these same principles to the case sub judice, it is clear that an action to reform the note[2] to reduce the principal amount of the obligation because of the alleged fraud of the payee is an action in personam, based on equitable principles, and does not involve the property in the litigation. Reformation of the note is an extraordinary equitable remedy available only by a showing of fraud, mistake, or overreaching. State ex rel. Sander v. City of Coleman, 139 Fla. 311, 190 So. 604 (Fla. 1936); Cooke v. French, 340 So.2d 541, 543 (Fla. 1st DCA 1976); Freitag v. Simon, 171 So.2d 918 (Fla. 3d DCA 1965). Although the relief requested by the plaintiff will indirectly affect the Brevard County mortgage, the principal question in this action concerns fraud. See also Royal v. Parado, supra. Thus, the local action rule does not apply, nor does the "property in litigation" provision of section 47.011 apply here. The defendants' motion should have been granted and the trial court should have transferred this case to Orange County, where the cause of action accrued, or to Pinellas County, where the defendants reside.
The order denying the motion to transfer is reversed, and the cause is remanded with directions to transfer the action to either Orange or Pinellas County, as the trial court may determine is most appropriate.
REVERSED and REMANDED.
UPCHURCH, C.J., and DAUKSCH, J., concur.
NOTES
[1] in rem actions in which the land is the res must be distinguished from actions in which the court can effectuate the object of the cause only indirectly by acting on the parties and where such in personam action merely involves land, such as suits for rescission or cancellation or reformation of a contract for sale of land or a deed to land or suits for the specific performance of a contract to convey land. See, e.g., Royal v. Parado, 462 So.2d 849 (Fla. 1st DCA 1985); McMullen v. McMullen, 122 So.2d 626 (Fla. 2d DCA 1960). To the statement that specific performance of a contract to convey land can be an in personam action because the court can act on the person of the defendant to cause him to execute a conveyance of land beyond the territorial jurisdiction of the court a caveat must be added: a court cannot cause its own judgment to effect a title transfer under Florida Rule of Civil Procedure 1.570(d) unless the court has in rem jurisdiction. Similarly, but conversely, it has been held that under section 713.24(3), Florida Statutes, where a material supplier whose mechanic's lien had been transferred from real property to a payment bond, the proper venue of action to recover on that bond is in the county where the security was deposited and not in the county where the property is located. Morganti South, Inc. v. Hardy Contractors, Inc., 397 So.2d 378 (Fla. 4th DCA 1981). The transfer of the security of the lien from the land to the bond pursuant to statute apparently results in a conversion of the lienor's cause of action from one in rem to one in personam.
Cheesbro, supra, f.n. 4.
[2] Cf. Coon v. Abner, 246 So.2d 143 (Fla. 3d DCA 1971) where the court held that an action to cancel a note and mortgage on the ground of usury was an action in personam and did not involve the property in the litigation, so that venue based solely on the location of the property was improper. We need not go that far in determining the issue here, because an action to reform the obligation of a promissory note, while it may incidentally relate to the lien of the mortgage which secures the note, does not directly affect the title to the property, nor does it cancel the lien of the mortgage.