PER CURIAM.
By letter to this Court dated December 13,1988, the Appellate Rules Committee of the Florida Bar requests an addition to our opinion, In re The Florida Bar Rules of Appellate Procedure, 529 So.2d 687 (Fla.1988). We treat the letter as a petition for clarification and exercise jurisdiction pursuant to article V, section 2(a), Florida Constitution.
The clarification consists of the addition of one page of material mistakenly omitted from the petition originally filed with this Court by the Appellate Rules Committee. We grant the petition, withdraw the appendix to our previous opinion and adopt the attached appendix as amendments to the Florida Rules of Appellate Procedure.
The only changes between the attached appendix and the one adopted by our prior opinion are in the addition of Rules 9.900(g)(6) and (7), the deletion of the committee note accompanying Rule 9.900(g) and the substitution of a new committee note in its place. Deletions are indicated by the use of struck-through type. New language is indicated by underscoring. All rules and statutes in conflict with the following rules are hereby superseded as of the effective date of these rules. These amendments shall become effective January 1, 1989, at 12:01 a.m.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
APPENDIX
1. Rule 9.020 is amended as follows: Rule 9.020 Definitions
[[Image here]]
(g) Rendition (of an order): the filing of a signed, written order with the clerk of the lower tribunal. Where there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing, certification, to alter or amend, for judgment in accordance with prior motion for directed verdict, not *241 withstanding verdict, in arrest of judgment, or a challenge to the verdict, the order shall not be deemed rendered until disposition thereof.
2. Rule 9.030 is amended as follows: Rule 9.030 Jurisdiction of Courts
[[Image here]]
(b) Jurisdiction of District Courts of Appeal.
(1) Appeal Jurisdiction. District courts of appeal shall review, by appeal:
[[Image here]]
(B) non-final orders of circuit courts as prescribed by Rule 9.130(a)(3);
3. Rule 9.100 is amended as follows: Rule 9.100 Original Proceedings
[[Image here]]
(c) Exceptions; Petitions for Common Law Certiorari and Review of Non-final Administrative Action. A petition for common law certiorari or for review of non-final administrative action shall be filed within 30 days of rendition of the order to be reviewed. A copy shall be furnished to the person (or chairperson of a collegial administrative agency) issuing the order.
4. Rule 9.200 is amended as follows: Rule 9.200 The Record
[[Image here]]
(b) Transcript of Proceedings.
[[Image here]]
(2) Within 30 days of service of a designation, or within the additional time provided for under subsection (b)(3) of this rule, the court reporter shall transcribe and deliver to the clerk of the lower tribunal the designated proceedings and shall furnish copies as requested in the designation. If a designating party directs the court reporter to furnish the transcript to fewer than all parties, that designating party shall serve a copy of the designated portion of the transcript on the parties within 5 days of receipt from the court reporter. The transcript of proceedings shall be securely bound in volumes not to exceed 200 pages each. Each volume shall be prefaced by an index containing the names of the witnesses, a list of all exhibits offered and introduced in evidence, and the pages where each may be found.
5. Rule 9.310 is amended as follows: Rule 9.310 Stay Pending Review
[[Image here]]
(c) Bond.
(1) Defined. A good and sufficient bond is a bond with a principal and two personal sureties or one surety company authorized to do business in the State of Florida and approved by the elerk-or-judge of the lower-tribunal.
6. Rule 9.330 is amended as follows: Rule 9.330 Rehearing; Clarification; Certification
(a) Time for Filing; Contents; Reply. A motion for rehearing or for clarification of decision, or for certification, may be filed within 15 days of an order or within such other time set by the court. A The motion for rehearing or clarification shall state with particularity the points of law or fact which the court has overlooked or misapprehended. The motion shall not re-argue the merits of the court’s order. A reply may be served within 10 days of service of the motion.
(b) Limitation. A party shall not file more than one saeh motion for rehearing or for clarification of decision and one motion for certification with respect to a particular decision.
7. Rule 9.340 is amended as follows: Rule 9.340 Mandate
[[Image here]]
(b) Extension of Time for Issuance of Mandate. If a timely motion for rehearing or for clarification, or for certification, has been filed, the time for issuance of the mandate or other process shall be extended until 15 days after rendition of the order denying the motion or, if granted, until 15 days after the cause has been fully determined.
8. Rule 9.410 is amended as follows: Rule 9.410 Sanctions
After ten days’ notice, on its own motion, from the court may impose sanctions for any violation of these rules, or *242 for the filing of any proceeding, motion, brief or other paper which is frivolous or in bad faith. Such sanctions may include the following may be imposed for violation^: these rules; reprimand, contempt, striking of briefs or pleadings, dismissal of proceedings, costs, attorney’s fees or other sanctions.
9. Rule 9.900 is amended as follows: Rule 9.900 Forms
[[Image here]]
(d) Notice to Invoke Discretionary Jurisdiction of Supreme Court.
IN THE DISTRICT COURT OF APPEAL OF THE PIS-TRICT OF FLORIDA, . DISTRICT CASE NO.
[[Image here]]
(g) Designation to Reporter.
[[Image here]]
II. Reporter’s Acknowledgment
⅛ — Transcript will be completed — on or an extension of time is needed until —.
DATE:
Official Court-Reporter
5a. The transcript will be available within thirty (30) days of service of the foregoing designation and will be filed on or before the . day of — 19
OR
5b. For the following reason(s) the court reporter requests an extension of time of days for preparation of the transcript which will be filed on or before the day of 19_: . —
6. Completion and filing of this acknowledgment by the court reporter constitutes submission to the jurisdiction of the Court for all purposes in connection with these appellate proceedings.
7. The undersigned court reporter certifies that the foregoing is true and correct and that a copy has been furnished by mail (_) hand delivery (_) this day of , 19_, to each of the parties or their counsel.
Court Reporter
ADDRESS:
NOTE: This portion must be transmitted by court reporter to the appellate court within 5 days of service. If-the estimated-completion date is more than 30 days from service of this form, the reporter must make a separate written- request-to the appellate court for an extension of time-to file this-transcript, — Copies of this acknowledgment shall be furnished to counsel for -all- parties?
NOTE: The foregoing court reporter’s acknowledgment to be placed “at the foot of” or attached to a copy of the designation, shall be properly completed, signed by the court reporter and filed with the clerk of the appellate court within five (5) days of service of the designation upon the court reporter. A copy shall be served on all parties or their counsel, who shall have five (5) days to object to any requested extension of time. See Fla.R.App.P. 9.200(b)(1), (2) & Í&