ORFINGER, Judge.
Plaintiff below appeals a summary final judgment entered in favor of defendant Single Ply International, Inc. of Florida (Single Ply). We reverse.
Van Dusen sued Single Ply on the basis of an employment contract, alleging that he was due commissions on roofing jobs which he had estimated for his employer, and that he was also due salary for performing manual labor at the employer’s request. Defendant claimed offsets against the commissions and denied that plaintiff had been authorized to perform manual labor. Defendant’s affidavits do not conclusively demonstrate the absence of any issue of material fact, and are disputed by plaintiff’s affidavits. Thus factual issues remain for trial. Moreover, we are not impressed with Single Ply’s assertion that when it terminated Van Dusen’s employment, as it apparently had a right to do under the employment contract, it was no longer obligated to pay Van Dusen the commissions he claims he earned prior to termination, just because the jobs for which the commissions were allegedly earned were not commenced until after his employment terminated.
Van Dusen’s motion for attorney’s fees under section 448.08, Florida Statutes (1987) is premature, because it has not yet been determined that he is the prevailing party in the litigation, although he has prevailed on appeal. See Publix Super Markets v. Cheesbro Roofing, Inc., 502 So.2d 484 (Fla. 5th DCA 1987).
REVERSED and REMANDED for further proceedings.
COWART and GOSHORN, JJ., concur.