549 So.2d 1057 (1989)
Robert P. FLEMING and Donna L. Fleming, His Wife, Appellants/Cross-Appellees,
v.
URDL'S WATERFALL CREATIONS, INC., a Florida Corporation, Appellee/Cross-Appellant.
No. 88-0724.
District Court of Appeal of Florida, Fourth District.
September 13, 1989.
Rehearing Denied October 24, 1989.
*1058 Alexander M. Rosenfeld, of Rosenfeld & Stein, North Miami, for appellants/cross-appellees.
Philip M. Warren, Pompano Beach, for appellee/cross appellant.
GARRETT, Judge.
This is an appeal and cross appeal from a judgment entered after a bench trial on claims arising from appellee's construction of a waterfall on appellants' property.
The total contract price was $14,800, any additions or changes were to be extra. Despite appellee's repeated efforts, the otherwise completed waterfall did not work properly. Appellants paid another contractor to correct the problem.
Appellee filed a claim of lien for the contract balance ($4,800) and the extras ($542.50). Appellee then brought suit to foreclose on its mechanic's lien. The appellants counterclaimed. The trial judge gave appellee a $542.50 judgment. At a post trial hearing, appellee was awarded, as the prevailing party, attorney fees of $10,500.
We reverse as to damages and attorney fees.
Where a building contractor has substantially performed a contract between the parties, the contractor is entitled to be paid the full contract price diminished only by damages which the owner has suffered as the result of such breaches of the contract as may be established by competent evidence. T.A.S. Heavy Equipment, Inc. v. Delint, Inc., 532 So.2d 23 (Fla. 4th DCA 1988); Oven Development Corporation v. Molisky, 278 So.2d 299 (Fla. 1st DCA 1973). At trial, appellants proved the cost of completion to be at least $825, but they may have additional proof. The appellee claimed such cost was $300 to $400. Neither the low figure of $300 nor the high *1059 figure of $825 when subtracted from the contract balance and extras comes close to the judgment amount of $542.50. It is obvious the trial court ignored the legal doctrine concerning the contract balance and completion costs and applied an equitable solution by awarding the extras figure.
The prevailing party in a mechanics lien foreclosure suit is entitled to an award of attorney fees. § 713.29, Fla. Stat. (1983). Upon remand, if the appellants can prove the cost of completion exceeds the combined total of the contract balance and extras, they may be the prevailing party. However, if the cost of completion does not exceed the combined contract balance and extras, the appellee will once again be the prevailing party. Our ruling makes all determinations concerning who is the prevailing party premature. See Van Dusen v. Single Ply International, Inc. of Florida, 545 So.2d 960 (Fla. 5th DCA 1989).
The parties are advised a prevailing party is also entitled to prejudgment interest. Ferrell v. Ashmore, 507 So.2d 691 (Fla. 1st DCA 1987).
REVERSED AND REMANDED FOR A NEW TRIAL ON DAMAGES AND FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.
HERSEY, C.J., and POLEN, J., concur.