569 So.2d 778 (1990)
Kenneth Franklin BLALOCK, Jr., BY and through His Plenary Guardian, FIRST UNION NATIONAL BANK OF FLORIDA, and Sharon Blalock, Individually and for the Use and Benefit of the State of Florida Department of Health and Rehabilitative Services, and State of Georgia Department of Medical Assistance, Appellants,
v.
Victor A. PENA, M.D., Appellee.
No. 90-2081.
District Court of Appeal of Florida, First District.
October 4, 1990.
Rehearing Denied December 5, 1990.
Brent M. Turbow, Jacksonville, for appellants.
J. Bruce Bickner of Dawson, Galant, Sulik, Wiesenfeld & Bickner, Jacksonville, for appellee.

ON APPELLANT'S MOTION TO COMPEL COURT REPORTER
PER CURIAM.
Appellants were plaintiffs in the proceedings below. They directed the court reporter to prepare an original only of the transcript at $3.00 per page and tendered a deposit of 50 percent of that estimated cost. The court reporter returned the check, citing to Administrative Order 89-1-CA of the Fourth Judicial Circuit which provides in pertinent part:
3. The compensation for reporting all proceedings in the circuit and county court except as hereafter set forth shall be paid by the party or parties' attorney requesting such service for a particular case and where compensation is not otherwise governed by rule of court, statute or ordinance shall be in the following amounts:
.....
(f) The compensation for all appeal transcripts by the court reporter shall be $4.60 per page. This price will include an original and two copies. Each additional copy shall be $.80 per page.

*779 (g) The compensation for all other transcripts by the court reporter shall be $3.00 per page for the original and $.80 per page for each additional copy.
Appellants' request for relief in the circuit court was denied and they then moved this court to compel the court reporter to comply with their directions.
The appellants rely on a recent amendment to Florida Rule of Appellate Procedure 9.200(b)(2):
Within 30 days of service of a designation, or within the additional time provided for under subsection (b)(3) of this rule, the court reporter shall transcribe and deliver to the clerk of the lower tribunal the designated proceedings and shall furnish copies as requested in the designation. If a designating party directs the court reporter to furnish the transcript to fewer than all parties, that designating party shall serve a copy of the designated portion of the transcript on the parties within five days of receipt from the court reporter.

The underlined language was added and effective on January 1, 1989. See In re The Florida Bar Rules of Appellate Procedure, 529 So.2d 687, clarified, 536 So.2d 240 (Fla. 1988). A show cause order issued directing opposing counsel to respond and also stating that this court would entertain a response from the court reporter. Opposing counsel has filed a response stating he takes no position. The court is in receipt of a response prepared by the law clerk for Chief Circuit Judge John Santora, filed on behalf of the court reporter.
It is shown that Administrative Order. 89-1-CA was properly promulgated in the Fourth Judicial Circuit pursuant to Rule 2.070(e), Florida Rules of Judicial Administration. The administrative order provides that compensation for all appeal transcripts shall be $4.60 per page. This price shall include an original and two copies and each additional copy shall be $.80 per page. The compensation for all other transcripts shall be $3.00 per page for the original and $.80 per page for each additional copy. The court reporter argues that the judges of the Fourth Judicial Circuit have found that the rate of $4.60 per page is a fair and reasonable compensation for a court reporter's time and effort. The fee rates in the administrative order are different because the Fourth Circuit judges determined parties in appeal and non-appeal proceedings are subject to different circumstances. There is nothing in Rule 9.200(b)(2), the court reporter asserts, to suggest it was intended to overrule the authority of the circuit judges who set rates in accordance with Rule 2.070(e). Respondent requests this court to interpret and harmonize the rules so as to permit the administrative order to stand and asks us to deny the motion to compel.
We disagree and grant appellant's motion. The circuit court, of course, has the authority to enter an order relating to court reporter fees but it may not be inconsistent with rules promulgated by the Supreme Court. See Fla.R.Jud.Admin. 2.020(c), 2.050(b)(2), and 2.070(e). We find the administrative order conflicts with the controlling appellate rule. Rule 9.200(b)(2), as amended, permits the designating party to order preparation of only the original of an appellate transcript, with copies to be made and distributed by the party if so desired. We are unable to accept the representation that the administrative order can be harmonized with the rule. Despite the phrasing employed in the order, it is clear that the actual result is that a designating party in appellate proceedings must purchase an original at $3.00 per page and a minimum of two copies at $.80 per page. We reject the "finding" that parties in appeal and non-appeal proceedings are subject to different circumstances as self-serving and unsupported by any material facts.
Accordingly, we grant appellants' motion and direct the court reporter to comply with the direction to prepare an original only of the transcript at a cost of $3.00 per page.[1] Fourth Circuit Administrative Order *780 89-1-CA, insofar as it conflicts with Florida Rule of Appellate Procedure 9.200(b)(2) as interpreted herein, is quashed.
ERVIN, JOANOS and BARFIELD, JJ., concur.
NOTES
[1] The original will, of course, be filed with the clerk of the lower tribunal. Appellants will bear the responsibility of obtaining the transcript and making and distributing the copies in a timely manner.