COWART, Judge.
ON AMENDED MOTION FOR REVIEW OF ORDER TAXING COSTS
Florida Rule of Appellate Procedure 9.200(b)(1) provides that the appellant shall designate those portions of the proceedings a transcript of which appellant deems necessary for inclusion in the record on appeal. The appellee may do likewise. The rule provides, “Costs of the original and all copies of the transcript of proceedings shall be borne initially by the designating party, subject to appropriate taxation of costs as prescribed by rule 9.400.”
Effective January 1, 1989, Rule 9.200(b)(2) was amended to provide, “If a designating party directs the court reporter to furnish the transcript to fewer than all parties, that designating party shall serve a copy of the designated portion of the transcript on the parties within 5 days of receipt from the court reporter.” In the order adopting this amendment (In re: The Florida Bar Rules of Appellate Procedure, 529 So.2d 687 (Fla.1988), as clarified, 536 So.2d 240 (Fla.1988)), the supreme court explained that the reason for the *884 amendment was to permit a designating party to make additional copies of the transcript for the other parties by his own method rather than having a court reporter make the additional copies.
In this case when appellant’s counsel took the original appeal he did not direct the court reporter to provide the appellee’s counsel with a copy of the transcript of the portions of the record designated by the appellant’s counsel. Rather than calling on appellant’s counsel to provide a copy of the transcript as the rule contemplates, appel-lee’s counsel directly ordered an additional copy from the court reporter for which the court reporter charged appellee $1.60 per page. Appellant lost the appeal and when appellee sought in the trial court to have the cost of the copy of the transcript taxed as costs, appellant objected, arguing he had been prepared to provide a copy of the transcript to appellee, apparently generated by appellant’s “own method” and at a greatly reduced expense.
The trial court taxed the appellant with appellee’s actual cost of $1.60 per page. Appellant seeks review of the order taxing costs, arguing that under the rule, appellant had not only the initial duty but the right to provide appellee with a copy of the transcript and that appellant should not be taxed with the greater cost incurred by appellee which on its own initiative obtained a copy from the court reporter. Ap-pellee responds that the appellant did not order or pay for a copy of the transcript to be used by appellee and that it ordered its copy after being asked by the court reporter if it wanted a copy.
Before this court, appellant’s counsel represents that upon receipt of the transcript and one copy, appellant’s counsel informed appellee’s counsel that he was “prepared” to furnish a copy to appellee’s counsel but was informed that appellee’s counsel had ordered a copy directly from the court reporter. Appellee’s counsel denies that statement. We cannot resolve these disputed facts on appeal and therefore remand to the trial court to determine them and resolve the issue.
Under the 1989 amendment to Rule 9.200(b)(2), the designating party (appellant in this instance) had the duty, and the right, to serve a copy (made by appellant’s “own method” and at appellant’s cost) of the designated portion of the transcript on the appellee’s counsel within five days of receipt from the court reporter of the original transcript.
However, if appellant’s counsel failed to serve a copy of the transcript within the five day period provided by the rule, or clearly advise appellee’s counsel within that time period that a copy would be timely served, appellee’s counsel had the right, without making demand on appellant’s counsel, to obtain the needed copy of the transcript directly from the court reporter at the greater cost and at his own expense, subject to the cost thereof being later taxed as costs.
The appealed order is reversed and the cause remanded for further proceedings consistent with this opinion.[1]
REVERSED and REMANDED.
SHARP, W., and GRIFFIN, JJ., concur.

. We understand, of course, that if upon remand appellant’s counsel fails to establish his compliance with the rule as construed herein, the appealed order should be reinstated.