593 So.2d 314 (1992)
Victor DeBIASI, Appellant,
v.
S & S BUILDERS, INC., Appellee.
Nos. 91-0289, 91-0809.
District Court of Appeal of Florida, Fourth District.
February 5, 1992.
Motion for Clarification, Rehearing and Rehearing Denied March 12, 1992.
*315 Phillip H. Snaith, Sunrise, for appellant.
Harry D. Dennis, Jr., of Harry D. Dennis, Jr., P.A., Pompano Beach, and Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Fort Lauderdale, for appellee.
Motion for Clarification, Rehearing and Rehearing En Banc Denied March 12, 1992.
POLEN, Judge.
The appellant, Victor DeBiasi, seeks reversal of the final judgment foreclosing a mechanic's lien filed by the appellee, S & S Builders, Inc. (S & S). The appellant claims that the appellee was not entitled to foreclosure of the lien because of defective workmanship and breaches of the contract. The appellant also seeks reversal of the order awarding attorney's fees and costs to the appellee.
There was a great deal of conflicting evidence presented in the proceedings below. The trial court was compelled to make findings of fact in order to resolve the issues before it, such as whether the appellee breached the contract and whether the project was substantially complete when the appellee withdrew. We will not reverse a final judgment where it is based on substantial competent evidence which supports the findings of the trial court. Markham v. Fogg, 458 So.2d 1122 (Fla. 1984); Applegate v. Barnett Bank, 377 So.2d 1150 (Fla. 1979). The appellant's arguments to the effect that the final judgment foreclosing the appellee's mechanic's lien was unsupported by the evidence are without merit.
The issue of whether the appellee was operating under a valid license from the Department of Professional Regulation (DPR) was not as clear cut; however, we ultimately apply the same reasoning as above. The appellee made a showing to the court that it had complied with all of the prerequisites from section 489.119, Florida Statutes, and that the company was qualified through Mr. Craig Smith, an undisputed licensed contractor since 1977 and vice president of S & S. The court found as a matter of fact, based on competent evidence, that a person at the DPR had misplaced or mishandled the documents which technically constitute a license under the statute. We will not reverse where the issue is dependent upon a factual finding made by the trial court and that finding is supported by competent evidence. Markham, 458 So.2d at 1126; Applegate, 377 So.2d at 1152.
The appellant argued that the trial court should have offset the amount of the final judgment based on alleged expenses which he incurred in making repairs due to the appellee's poor workmanship. Yet the appellant admits that he was unable to prove his expenditures at trial. The best that the appellant could muster was an "educated guess" as to the alleged expenses, which is insufficient as a matter of law. The amount to be offset in a case involving the foreclosure of a mechanic's lien must be shown with a reasonable degree of certainty by competent evidence. Fleming v. Urdl's Waterfall Creations, Inc., 549 So.2d 1057 (Fla. 4th DCA 1989); Young v. Johnston, 475 So.2d 1309 (Fla. 1st DCA 1985); R.K. Cooper Builders v. Free-Lock Ceilings, 219 So.2d 87 (Fla. 3d DCA 1969). The trial court ordered an offset where the appellant was able to substantiate his claim of $775, which we affirm under the above cited cases.
The issue raised by the appellant concerning the attorney's fees and costs *316 cannot be adequately reviewed by this court because there was no transcript in the record of the hearing on such fees and costs. We must therefore affirm. Applegate, 377 So.2d at 1152. The appellant also failed to raise the arguments presented in its brief concerning attorney's fees and costs in the trial court, which precludes review on appeal. Dober v. Worrell, 401 So.2d 1322 (Fla. 1981). We do find, however, that the appellant's argument to the effect that expert witness fees should not be awarded as costs where an attorney testifies as to a reasonable fee has been addressed by the Supreme Court of Florida in Travieso v. Travieso, 474 So.2d 1184 (Fla. 1985), and is permitted.
The final judgment is therefore affirmed in all respects.
GARRETT, J., concurs.
WARNER, J., dissents with opinion.
WARNER, Judge, dissenting.
I respectfully dissent on the issue of whether appellee was operating under a valid license from DPR. While the appellee made a showing that it complied with all the prerequisites, there was no showing that the required certificate under section 489.119(2)(a), Florida Statutes (1989) was issued. And appellant produced the affidavit from the records custodian that DPR had no record of it. This certificate of nonlicensure was prima facie proof that no certificate had been issued. See Terranova v. State, 474 So.2d 1206 (Fla. 2d DCA 1985); see also section 90.803(10), Florida Statutes (1989). The statute requires that a business be duly certified before it engages in the contracting business, section 489.127(1)(f), Florida Statutes (1989). The definitions of that chapter make it clear that to be certified a contractor or business organization must possess a certificate from the Department. See § 489.105(7), (8), (11), Fla. Stat. (1989). Thus, merely applying for the certificate is not enough, and the contractor cannot fall back on Department mix ups to establish statutory certifications. The contractor would have to know that he had not complied, because he did not have in his hand the necessary certificate.
I would hold that the contract is unenforceable because of the failure to have the proper licensings. See Wood v. Black, 60 So.2d 15 (Fla. 1952); C.B. Jackson & Sons Constr. Co. v. Davis, 365 So.2d 207 (Fla. 3d DCA 1978). Since appellee offered no proof to support a quantum meruit theory, I would remand for entry of a judgment in favor of appellee.