732 So.2d 14 (1999)
Victor DeBIASI, Appellant/Cross-Appellee,
v.
Phillip H. SNAITH, Appellee/Cross-Appellant. and
Jared J. Kullman, Appellee.
No. 98-2193.
District Court of Appeal of Florida, Fourth District.
April 21, 1999.
Rehearing Denied June 14, 1999.
Ronald P. Gossett of Gossett & Gossett, P.A., Hollywood, for appellant/cross-appellee.
*15 Philip H. Snaith, Sunrise, pro se.
OWEN, WILLIAM C., Jr., Senior Judge.
This is a legal malpractice case in which the trial court entered summary judgment for the defendant lawyer on the basis that the alleged negligence was excused under the doctrine of judgmental immunity. We reverse.
Appellant, Mr. DeBiasi ("DeBiasi"), employed appellee, Phillip H. Snaith, Esq. ("Snaith") to prosecute an appeal from an adverse judgment entered against DeBiasi in a mechanics' lien foreclosure. In a 2-1 decision, this court affirmed the judgment. DeBiasi v. S & S Builders, Inc., 593 So.2d 314 (Fla. 4th DCA 1992). The dissent cited two cases, Wood v. Black, 60 So.2d 15 (Fla.1952), and C.B. Jackson & Sons Construction Co. v. Davis, 365 So.2d 207 (Fla. 3d DCA 1978), which appeared to be in direct conflict with a principle of law in the majority opinion.
DeBiasi indicated to Snaith that he wanted to pursue an appeal to the Supreme Court of Florida, if possible. Snaith timely filed a motion for clarification, rehearing, and rehearing en banc, which this court denied. Within 15 days of the order denying his motion for rehearing, but more than 15 days after this court's opinion had issued, Snaith filed a motion for certification (both on conflict with the cases cited by the dissent and as a question of great public importance). When the appellee moved to strike the motion for certification as being untimely, Snaith responded with the argument that Rule 9.330 permits serial filing, i.e., a motion for certification may be filed within 15 days of the order denying his motion for rehearing. That argument was of no avail and the motion for certification was denied as untimely without other comment.
DeBiasi then brought this malpractice suit against Snaith, alleging that Snaith's untimely filing of the motion for certification caused DeBiasi to be deprived of the opportunity to have this court's judgment overturned. Snaith moved for summary judgment, successfully arguing to the trial court that despite this court's treatment of his motion for certification in the underlying appeal, the language of Rule 9.330 is sufficiently ambiguous to provide him with the protection of the doctrine of judgmental immunity as set forth in Crosby v. Jones, 705 So.2d 1356 (Fla.1998). The trial court found as a matter of law that the appellate rule was sufficiently ambiguous to allow a reasonably prudent attorney to interpret it as permitting the serial filing of authorized post-decisional motions, and granted summary judgment in favor of Snaith.
Prior to the 1977 revision of the Rules of Appellate Procedure, rehearings were governed by Rule 3.14 which required a written petition for rehearing to be filed within 15 days of the court's decision. It did not authorize either an application for clarification or for certification. In the 1977 revision, Rule 9.330 authorized a party to file a motion for rehearing or for clarification of a decision within 15 days "of an order." It also provided in subsection (b) that "A party shall not file more than one such motion with respect to a particular decision." The clear implication of this wording was that there be a single filing, whether it be for a motion for rehearing or for a motion for clarification or both. In 1988, the most recent amendment to Rule 9.330 added a motion for certification to the list of authorized post-decisional motions. At the present, Rule 9.330 (as relevant to this case) reads as follows:
Rule 9.330. Rehearing; Clarification; Certification
(a) Time for Filing; Contents; Reply. A motion for rehearing, clarification, or *16 certification may be filed within 15 days of an order or within such other time set by the court.
(b) Limitation. A party shall not file more than 1 motion for rehearing or for clarification of decision and 1 motion for certification with respect to a particular decision.

(Emphasis added).
Because Rule 9.330(a) authorizes a motion for rehearing, clarification, or certification to be filed within 15 days of an order (or within such other time set by the court), the word "order" in this context means "the order to which such motion is directed." Thus, one seeking a clarification, rehearing, or certification of a decision of the court must file the appropriate motion within 15 days of the filing of the decision. That has been the customary practice before this court and we have consistently adhered to that construction of Rule 9.330. Such a construction not only is logical but also is consistent with the purpose of the new language added to the Rule by the 1988 amendment, which was not to provide for a different type of reconsideration, but rather to permit a party to move for certification without being first required to move for rehearing. See In re The Florida Bar Rules of Appellate Procedure, 529 So.2d 687 (Fla.1988), clarified by, 536 So.2d 240 (Fla.1988). In the underlying appeal our summary denial of the motion for certification as untimely may fairly be viewed as an indication that this court did not then think the question of whether the rule permitted serial filing was an "unsettled area of the law."
In fairness to the conclusions of the learned trial judge, we recognize that the language of Rule 9.330(b), when read literally in conjunction with the language of Rule 9.330(a), presents a degree of ambiguity. One undertaking to act as appellate counsel, and relying on a literal reading of the Rule without other inquiry, could be misled into viewing the Rule as permitting a motion for certification to be filed within 15 days following the court's order denying a motion for rehearing. But mere "ambiguity of a rule" of procedure, without more, does not equate to the somewhat more amorphous realm of "fairly debatable" or "unsettled area of the law" to which the doctrine of judgmental immunity is applied. Furthermore, even if it did, Crosby v. Jones teaches that the lawyer who seeks the protection of judgmental immunity must have acted in good faith and made a diligent inquiry into that area of the law. In the cited case, the action taken by Mr. Crosby (and which his clients claimed to be negligent) was supported by the law in his district. Thus, the court could find that the necessary showing was made as a matter of law. Here, unlike the facts in Crosby, there was no case law nor committee notes authorizing Snaith to do what he did. Thus, there remains for him, at the least, the necessity of proving the factual issue of his good faith and diligent inquiry. On competent evidence the trier of fact may find that his choice was a good faith decision made after diligent inquiry on a fairly debatable area of the law, or it may find that a prudent appellate lawyer would have filed the motion for certification at the same time as the motion for rehearing in order to avoid the risk (and resulting consequences) of the Rule being construed as it was. Our observations relative to such possible findings are intended, not to define the fact issues, but only to illustrate their existence and the reason why this case was not ripe for summary disposition.
We hold that, under Rule 9.330, the filing of a motion for rehearing or clarification does not toll the time for the filing of a motion for certification. For counsel to assure timeliness, a motion for certification, just as a motion for rehearing or motion for clarification, must be filed within 15 days of the filing of the decision to which it is directed (or within such other time set by the court).
*17 It has been held by the First District[1] that a second motion for rehearing is permitted in those cases where, as a result of the initial (and timely) motion for rehearing, the court issues a new opinion which changes the entire basis for the ruling in the first opinion. In a similar vein, it has been implied though not held, in a decision from this court,[2] that a second motion for rehearing would have been permitted had the court, as a result of the initial (and timely) motion for rehearing, issued a new opinion that substantially changed the results or reasoning of the prior opinion. There appears no reason or logic why the rationale of those decisions, notwithstanding they involved motions for rehearing, should not equally apply to motions for certification. Consistent with that reasoning, we furthermore hold that a motion for certification may be addressed to new opinions meeting like criteria.
The cross-appeal was not briefed and is dismissed. The summary judgment is reversed and this cause remanded for further proceedings not inconsistent herewith.
REVERSED.
POLEN and SHAHOOD, JJ., concur.
NOTES
[1] Dade Fed. Sav. & Loan Ass'n v. Smith, 403 So.2d 995 (Fla. 1st DCA 1981).
[2] 3299 N. Federal Highway v. Broward County Comm'rs, 646 So.2d 215, 228 (Fla. 4th DCA 1994).