STONE, J.
We reverse a final judgment and an order denying Greco’s motion to modify or correct an arbitration award.
Greco, a building contractor, contracted with the Carltons to build their home. The total cost of the house was $286,745. When the Carltons failed to pay the entire amount, Greco filed a contractor’s mechanic’s lien on the property in the amount of $61,812. This sum included $57,812 that Greco owed subcontractors.
Greco later filed a complaint to foreclose the lien, naming the Carltons, Challenger Pools, Gale Industries, and R.L. Geek Con *1089 Crete Service as defendants. It contained three counts. Count one set forth the foreclosure claim, count two set forth a breach of contract claim, and count three set forth an unjust enrichment claim.
Challenger Pools and Gale Industries both filed a counterclaim against Greco and a cross-claim against the Carltons. They held liens in the amounts of $5,237.25 and $1,470.00, respectively. R.L. Geek Concrete also held a lien against the property in the amount of $5,050.
The contract between Greco and the Carltons provided:
All claims or disputes between the Contractor and the Owner arising out of or relating to the Contract Documents, or the breach thereof, shall be decided by arbitration....
The trial court ordered that the matter be submitted to arbitration.
The arbitrator awarded Greco only $1,178.00, finding this to be the balance due after certain itemized set-offs and $25,800, which was to be retained by the Carltons to “pay liens,”[1] was deducted.
The trial court denied Greco’s motion to modify the arbitrator’s award, concluding that the issues in dispute had been submitted to arbitration and that there was no miscalculation of figures by the arbitrator.
Subsequently, the trial court ordered that the Carltons “pay liens” as directed by the arbitration award or place the $25,800 lien amount in the registry of the court. The court also granted Greco’s request to take the testimony of the arbitrator at a specially set hearing in order to determine what was meant by “pay liens.”
During the evidentiary hearing, the court asked the arbitrator which lienors were included in the $25,800 “amount owner needs to pay liens.” The arbitrator responded:
Your Honor, I don’t have that information. In don’t even know if I could recreate it all, but at the time, the outstanding liens that were filed at the time of the arbitration that I had in my possession added up to that number, and those were the liens that were presently filed on the property, and I awarded *1090 that money back to the owner so they could pay the liens and clear their title.
He stated that he was not sure which lienors it included, but if a lien was filed and he was in possession of it, that lien was included in the award amount. The attorneys also questioned the arbitrator:
[GRECO’S ATTORNEY]: [T]o our recollection, ... there are only three liens that were recorded at the time of arbitration. One was in favor of Challenger Pools in the approximate sum of ... $5,900. One was in favor of Gale Industries in the approximate sum of ... $900. One was in favor of GEC, the concrete company, in the approximate amount of $5,000.
[T]hose were the only liens ... totaling approximately $11,000.
Can you recall any other liens recorded?
[[Image here]]
[ARBITRATOR]: In can’t recall....
[GRECO’S ATTORNEY]: Did you have any intention of having the Carl-tons pay contractors who had not perfected their lien rights out of that $24,000.
[ARBITRATOR]: No, sir.
[[Image here]]
[THE CARLTONS’ ATTORNEY]: Well, is it possible that some of that money, that 25-8, could have been attributable to evidence about other people that were owed money that actually hadn’t perfected their lien, that had done work on the house or supplied materials to the house?
[ARBITRATOR]: I just don’t recall .... I can’t explain the discrepancy.
The arbitrator then agreed to review his files and provide the court with a letter explaining how he got to the amount in question. The arbitrator’s subsequent letter stated that the line item in question should have stated, “FINAL LIEN & AFFIDAVIT AMOUNTS,” because it did not include liens alone. It then listed the following as the makeup of the $25,800 award:
ROOFING $2,460
WINDOWS 561
DRYWALL 609
CARPENTRY 3,384
MIRRORS 800
STUCCO 356
DRIVES, WALKS 5,050 TRASH 910
LABOR 1,010
PLUMBING 8,269
ELECTRIC 2,391
Based on the letter, Greco moved for relief for judgment, asking that the court amend the final judgment to reflect that Greco was entitled to the $25,800.
Notwithstanding the acknowledgment that the award to the Carltons patently included sums Greco still owed subcontractors, which went well beyond the three acknowledged lien claims in issue, the court determined that the Carltons were required to pay only $1,178 plus interest to Greco. It also determined that the “amount owner needs to pay liens” was intended to be retained by the Carltons for direct payment to the subcontractors. The court recognized that its award created no obligation on the Carltons to pay the remaining unpaid subs, nor did it set forth to whom the Carltons must pay the $25,800. The court further determined that following the arbitrator’s award, the Carltons had paid Greco the balance owed, so it granted the Carltons’ motion to discharge lien and lis pendens and for satisfaction of judgment. It also denied Gre-co’s request for attorney’s fees and motion for relief from judgment.
We recognize that judicial review of arbitration awards is extremely limited. Charbonneau v. Morse Operations, Inc., 727 So.2d 1017, 1019 (Fla. 4th DCA 1999). By statute, the trial court is limited to correcting an award when:
*1091 (a) There is an evident miscalculation of figures....
(b) The arbitrators or umpire have awarded upon a matter not submitted ....
§ 682.14(a),(b), Fla. Stat. (1999).
We conclude that the court erred by failing to recognize that the arbitration award went beyond the matters submitted to arbitration. The evidence of the amounts in question was before the arbitrator only to explain the amount claimed by Greco on his general contractor’s lien claim. This included all amounts that Gre-co acknowledged were still claimed by subcontractors.
Considering the record most favorably to the Carltons, it is apparent that no more than $11,000 of subcontractor claims could be construed as within the lien matters placed at issue in the arbitration.
Greco challenged other aspects of the award. However, we deem these additional claims, even if true, to involve, at worst, errors of fact as to matters within the scope of arbitration, not an evident miscalculation of figures.
We note that as to the $25,800 in issue, the Carltons have no obligation to pay any portion not awarded to a subcontractor on a claim of lien. Greco, on the other hand, has a contractual obligation to pay all subcontractors.
The issue before the arbitrator involved the amount of Greco’s claim of lien. It cannot be disputed that the sum in question was validly part of his lien claim. Greco appropriately notes that he has been subjected to a “catch 22.” The arbitrator, in fact, found that the sum in question was part of what the Carltons owed. Although the sums due the subcontractors remain owed by Greco, the trial court order made no provision for the Carltons to pay them.
On remand, the trial court shall include the $25,800 in the Greco’s lien claim. However, the court shall further credit the Carltons with any payments made on lien claims that are included within this sum.
It was also error for the trial court to refuse to consider the issue of attorney’s fees. The issue of attorney’s fees was not properly before the arbitrator.
An arbitrator has the authority to award attorney’s fees only when the parties expressly waive their right to have the court decide the issue. Turnberry Assoc. v. Service Station Aid, Inc., 651 So.2d 1173, 1175 (Fla.1995); see also Charbonneau, 727 So.2d at 1020; D.H. Blair & Co. v. Johnson, 697 So.2d 912, 913-14 (Fla. 4th DCA 1997).
Although the trial court was under the impression that Greco submitted the fees issue to the arbitrator, the record reflects that the parties did not stipulate or agree to waive their rights to have the court decide the issue of attorney’s fees.
We recognize that Greco did request fees in his demand. However, this alone is insufficient to create a waiver. The record transcript reflects that at the beginning of the arbitration, the Carltons’ attorney requested that the parties leave the fees issue for the trial court, and Greco’s attorney agreed, stating, “as long as it is on the record we are going to postpone the issue and leave it up to the court.” Additionally, the parties did not submit names of expert witnesses who might testify regarding fees, they did not otherwise raise or address the issue during arbitration, and they did not present witnesses or any other evidence to support their respective positions. .
Clearly, if Greco is deemed the prevailing party on his lien claim, he will be entitled to an award of attorney’s fees. See § 713.29, Fla. Stat. (1999); Fleming v. Urdl’s Waterfall Creations, Inc., 549 So.2d 1057, 1058 (Fla. 4th DCA 1989).
*1092 We, therefore, reverse the final judgment and remand for further proceedings consistent with this opinion. On remand, the trial court remains free in applying equitable relief to provide protection for the Carltons as to any unresolved liens and set-offs.
FARMER and SHAHOOD, JJ., concur.

. Attached to the arbitrator’s award was the following breakdown:
AWARD
ORIGINAL CONTRACT w/o FEE $226,238
ORIGINAL FEE $ 33,920
FINAL CONSTRUCTION AMOUNT w/ EXTRAS $254,377
LESS FPL CHARGE, SEWER REPAIR, LANDSCAPE, SURVEY $ 2,949
CONSTRUCTION AMOUNT $251,428
FEE PERCENTAGE EARNED — 96% BECAUSE WORK NOT COMPLETED: POOL, DECK, SCREENING $ 32,563
TOTAL COST + FEE DUE CONTRACTOR $283,991
OWNER PAYMENTS TO CONTRACTOR $223,000
SUB-TOTAL $ 60,991
DIRECT OWNER PAYMENTS (FROM EXHIBITS CLAIMANT # 16 and ' RESPONDENT # 3) $ 22,140
SUB-TOTAL $ 38,851
WORK NOT COMPLETED: POOL, DECK, SCREENING $ 8,873
SUB-TOTAL $ 29,978
AMOUNT OWNER NEEDS TO PAY LIENS $ 25,800
SUB-TOTAL $ 4,178
PUNCH-LIST REPAIRS OWNER NEEDS TO COMPLETE $ 3,000
TOTAL AMOUNT DUE CONTRACTOR $ 1,178