435 So.2d 396 (1983)
CRESCENT BEACH, INC., Etc., Appellant,
v.
Michael Franze JARVIS, et al., Appellees.
No. 82-1638.
District Court of Appeal of Florida, Fifth District.
July 28, 1983.
*397 George M. McClure, Martz & McClure, St. Augustine, for appellant.
Timothy A. Burleigh, Leesburg, for appellees.
COWART, Judge.
This case involves venue as to a multi-count complaint alleging causes of action accruing in different counties.
Appellant, as buyer, and appellees, as sellers, entered into a standard contract for the sale and purchase of real property in St. Johns County. In effect the contract provided for a purchase price of $139,000 payable $5,000 in cash as a deposit; $104,000 by assumption of the balance on an existing mortgage, and $30,000 by a purchase money note and mortgage to be executed by the buyer to the sellers. The sellers have sued the buyer in Lake County, Florida, on a three count amended complaint. The first count alleges that the buyer has paid $20,000 of the $35,000 due the sellers under the land sale contract but that the buyer owes the sellers "the remaining $15,000 of the purchase price under the agreement." It is further alleged in count one that the payment of the $15,000 was to have been made to the sellers at the office of an attorney in Lake County. The second count alleges that the buyer executed and delivered to the sellers the purchase money note and mortgage as provided in the land sales contract but that those instruments have been lost and the sellers seek to reestablish those documents under section 71.011, Florida Statutes (1981). Count three alleges the sellers own and hold the note (meaning the lost purchase money promissory note for $30,000) and have elected to accelerate that note for non-payment and to sue for the balance of $15,000 due on the note with interest. Here again the complaint alleges that the payments due on the note are payable at the office of an attorney in Lake County, Florida. The buyer moved for a change of venue to St. Johns County and appeals the denial of its motion. We affirm.
Section 71.011(2), Florida Statutes (1981), provides that when reestablishment of a private paper is sought "venue is in the county where any person affected thereby lives." Appellant, buyer, argues that as the alleged maker of the alleged purchase money note and mortgage, it is a person affected by the private paper sought to be reestablished and that under the statute venue is in St. Johns County which is appellant's place of residence. Appellees, sellers, argue that they, as alleged payees and mortgagees under the alleged purchase money note and mortgage, are persons affected by their reestablishment and therefore venue is in Lake County, which is appellees' place of residence. We find this case turns on another point and, therefore, we do not reach this interesting question.
Counts one and three of the complaint constitute actions for essentially the same money alleged to be due the sellers and are in legal effect in the alternative. Which count will be the appropriate cause of action will depend on the outcome of the litigation involved in count two. This is because count two alleges that appellant, the buyer, executed and delivered to the sellers the purchase money note and mortgage required to complete payment of the purchase price under the land sales contract. If this is established, then the buyer will have fully performed its obligations under the land sales agreement and that agreement will have been fully executed and satisfied and, in legal contemplation, will no longer exist nor support the cause of action for unpaid purchase money alleged in count one of the complaint[1] and the sellers' appropriate cause of action must be on the purchase money note as alleged in count three of the amended complaint.[2] However, *398 if the sellers fail to establish the delivery of the purchase money note as alleged in count two although the sellers will have thereby failed to establish the note for purposes of suing on it in count three, nevertheless, this fact will also establish that the land sales agreement was not fully performed and satisfied and sellers' appropriate cause of action may be that alleged in count one. In either event, in addition to the cause of action in count two for the reestablishment of a private paper, the complaint states a cause of action for money due but unpaid and, under both count one and count three the sellers allege that the money due them was to have been paid in Lake County.[3] Under section 47.041, Florida Statutes (1981), where two or more joined causes of action accrue in different counties, venue may be laid in any of such counties.[4]
The party seeking the change in venue has the burden of establishing that the initial choice of venue was improper.[5] Appellant relied only on its construction of venue as to count two and did not contest the allegations in counts one and three that money alleged to be due in those counts was payable in Lake County. Accordingly, the order denying appellant's motion for change of venue is
AFFIRMED.
ORFINGER, C.J., and COBB, J., concur.
NOTES
[1] See Sun First National Bank of Orlando v. Grinnell, 416 So.2d 829 (Fla. 5th DCA 1982), review den. 424 So.2d 761 (Fla. 1982).
[2] We note that while count 2 seeks to re-establish the purchase money mortgage as well as the note, the sellers, in count 3 are apparently waiving the security of the mortgage and suing only for a money judgment on the note. Of course, venue on an action to foreclose the mortgage would be in St. Johns County.
[3] When a cause of action is based on a failure to pay money due under a contract under the general venue statute, section 47.011, Florida Statutes (1981), the county where the payment was agreed to be made is where the breach of contract occurs and the cause of action on the contractual obligation accrues. See Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934); Sheffield Steel Products, Inc. v. Powell Brothers, Inc., 385 So.2d 161 (Fla. 5th DCA 1980), review den., 392 So.2d 1378 (Fla. 1980). See also Windsor v. Migliaccio, 399 So.2d 65 (Fla. 5th DCA 1981). Where the contract does not expressly provide a place of payment it is implied that the debtor must seek the creditor and that payment is to be made in the county where the payee resides. See Saf-T-Clean, Inc. v. Martin Marietta Corp., 197 So.2d 8 (Fla. 1967); Baruch v. W.B. Haggerty, Inc., 137 Fla. 799, 188 So. 797 (1939); Excel Ins. Co. v. Brown, 406 So.2d 534 (Fla. 5th DCA 1981); Davis v. Dempsey, 343 So.2d 950 (Fla. 3d DCA 1977); First International Realty Invest. Corp. v. Cochran, 314 So.2d 214 (Fla. 3d DCA 1975), review den. 330 So.2d 15 (Fla. 1976); Gorham Constr. Co. v. Superior Fertilizer and Chemical Co., 218 So.2d 516 (Fla. 4th DCA 1969).
[4] See Pearson v. Wallace Aviation, Inc., 400 So.2d 50, 51 n. 3 (Fla. 5th DCA 1981); Motsinger v. E.B. Malone Corp., 297 So.2d 839 (Fla. 2d DCA 1974); Costner v. Costner, 263 So.2d 852 (Fla. 1st DCA 1972); Steinhardt v. Palm Beach Whitehouse No. 3, Inc., 237 So.2d 590 (Fla. 3d DCA 1970); James V. Freeman, Inc. v. Chemical Packaging Corp., 189 So.2d 410 (Fla. 1st DCA 1966).
[5] See Orange Blossom Enterprises, Inc. v. Brumlik, 430 So.2d 13 (Fla. 5th DCA 1983); Sheffield Steel Products, Inc. v. Powell Brothers, Inc., 385 So.2d 161 (Fla. 5th DCA 1980), review den. 392 So.2d 1378 (Fla. 1980).