ORFINGER, Judge.
This case involves the question of which of two conflicting venue statutes controls in an action for partition of real property.
The plaintiff filed a two count complaint in Volusia County against Loukas Mattes. Count I was for paternity and support and Count II was for partition of real property located in St. Lucie County. Mattes moved to dismiss Count II on the basis, inter alia, that Volusia County was improper venue and that pursuant to section 64.022, Florida Statutes (1983), venue was proper only in St. Lucie County, where the property was located. The trial court granted Mattes’ motion and ordered the partition action transferred to St. Lucie County. We affirm.
Appellant contends that section 47.041, Florida Statutes (1983) permits her to file the action in Volusia County. That section says:
Actions on several causes of action. — Actions on several causes of action may be brought in any county where any of the causes of action arose. When two causes of action joined arose in different counties, venue may be laid in any of such counties,- but the court may order separate trials if expedient.
Appellee successfully contended below that section 64.022 controls the partition action here. That section, dealing specifically with venue in partition actions says:
Partition of property; venue. — Partition shall be brought in any county where the lands or any part thereof lie- which are the subject matter of the action.
Appellant contends that section 47.-041 gives her a choice of counties despite the existence of a specific venue statute for partition actions, because section 47.041 contains no exceptions for special venue statutes and because it is the later of the two statutes. We find nothing in section 47.041 that purports to change or otherwise address the specific venue provision of section 64.022, so the fact that section 47.-041 is the younger statute has no significance here. The applicable rule to be applied here is that set out in Stewart v. Carr, 218 So.2d 525 (Fla. 2d DCA 1969), where the court had before it the question of whether the general venue statute, section 47.011 applied in an action for modification of a divorce decree in the face of section 61.14 which specifically dealt with modification of decrees and which had its own venue provision. In holding that the venue provision of section 61.14 prevailed, the court said
This venue statute [section 47.011] controls all actions brought under the common law or under statutes not containing a specific provision respecting venue. Deeb, Incorporated v. Board of Public Instruction [Fla.App.1967,196 So.2d 22]; Mendez v. George Hunt, Inc., Fla.App.1966, 191 So.2d 480. But it is not necessarily all-inclusive as to venue.
Such statute, prescribing venue generally as aforesaid, may be limited by other statutes providing civil relief under varying circumstances. City of St. Petersburg v. Earle, Fla.App.1959, 109 So.2d 388; Paulet v. Hickey, Fla.App.1968, 206 So.2d 29. Thus if a suit is brought under *1384 a specific State statute and that statute provides its own individual venue, then such specifically prescribed venue governs.
Id. at 527. See also Hughes v. Hughes, 441 So.2d 688 (Fla. 2d DCA 1983).
The same result was reached in the case of Reed v. Fink, 259 So.2d 729 (Fla. 3d DCA 1972) where the court was faced with interpreting the interplay between the general venue statute and section 64.022 in a partition action for personal property.[1] Finding that the nature of the property (a breeding stallion), presented no reason for not applying the venue provisions of section 64.022, the court reversed the order of the trial court which had approved venue in Dade County and ordered the cause transferred to Marion County where the property (the stallion) was located.
Crescent Beach, Inc. v. Jarvis, 435 So.2d 396 (Fla. 5th DCA 1983) is distinguishable from the case before us because in Jarvis, section 71.011(2), the statute relied on by the appellant, did not contain a mandatory venue provision such as is contained here. Additionally, even had that statute been applied in conjunction with section 47.041, the county where the action was filed was arguably one of the counties where section 71.011(2) permitted the action to be filed. In the case before us we have the directory language of section 47.-041 which provides that a suit on several causes of action may be brought in any county where any cause of action arose, directly clashing with the mandatory language of section 64.022 which says that a partition action shall be brought in any county where the land lies. The context in which the word “shall” is used in section 64.022, when compared with the general venue statute, section 47.041 which uses the discretionary word “may,” clearly indicates the legislative intention that section 64.022 be considered mandatory. See State v. Goodson, 403 So.2d 1337 (Fla.1981); Tascano v. State, 393 So.2d 540 (Fla.1980).
AFFIRMED.
COBB, C.J. concurs.
Sharp, J., concurs specially with opinion.

. See section 64.091, Florida Statutes (1985) which provides that:
Partition of property; personalty. — The laws applicable to partition and sale for partition of real estate are applicable to the partition and sale for partition of personal property and the proceedings therefor, as far as the nature of the property permits.