502 So.2d 484 (1987)
PUBLIX SUPER MARKETS, INC., Appellant,
v.
CHEESBRO ROOFING, INC., Appellee.
No. 85-1865.
District Court of Appeal of Florida, Fifth District.
February 9, 1987.
*486 James P. Hahn of Hahn, Breathitt & Watson, Lakeland, for appellant.
Peter B. Heebner of Van Wert, Heebner, Baggett, Bohner and Prechtl, Daytona Beach, for appellee.
PER CURIAM.
This case involves venue and jurisdiction in a mechanic's lien foreclosure action.
A land owner, appellant, entered into a contract with a general contractor for the construction of a building to improve land located in Volusia County, Florida. The general contractor entered into a subcontract with a subcontractor, appellee, to construct the roof on the building. The subcontract contained the following provision:
(n) Venue: The parties agree that any action brought pursuant to this Subcontract shall be in Polk County, Florida.
The subcontractor filed, in Volusia County, Florida, a complaint against the land owner to foreclose a mechanic's lien[1] on the improved premises. The land owner moved to transfer the action to Polk County pursuant to the venue provision in appellee's subcontract with the general contractor. The trial court denied the transfer of venue and the land owner appeals. We affirm.
Every action which involves property in the litigation is not an in rem action; but every cause of action the object of which requires the court to act directly on property, or on the title to the property (the res), is an in rem action.[2] An action to foreclose a mechanic's lien, like an action to foreclose a mortgage on land, is an action seeking to judicially convert a lien interest (an equitable interest) against a land title to a legal title to the land and in such an action the result sought by the action requires the trial court to act directly on the title to the real property. It is therefore an in rem action. Condemnation actions, partition actions, ejectment actions, and quiet title actions[3] are other examples of in rem actions where the res is real property.[4] All such in rem actions, where the res is real *487 property, must be brought in the county in which the land lies because the court must have direct control (geographical jurisdiction) over the res in order to exercise its jurisdiction and grant the relief sought.[5]
The concept that certain actions which seek a decision operating directly on real property, or on the title thereto, are necessarily local in character and must be brought in the county where the real property lies has sometimes been labeled the "local action rule."[6] The scope and continuing viability of the local action rule has been questioned. See Davidson v. Green, 367 So.2d 1032 (Fla. 1st DCA 1979) (Smith, J., dissenting). It has been suggested that the rule be abolished. See Trawick, Fla. Prac. and Proc., § 5-5 at 49 (1985). What cannot be abolished, at least by this court, is the principle that a court does not have subject matter jurisdiction of an in rem, or quasi in rem, action involving land unless that court has geographical jurisdiction over the county where the land is located. This rule was discussed by the Florida Supreme Court in Georgia Casualty Co. v. O'Donnell, 109 Fla. 290, 147 So. 267 (1933). The court stated that:
This court is committed to the doctrine that the venue statute allowing suits to be brought in the county where the defendants reside does not confer extraterritorial jurisdiction on the courts or alter the local action rule. The authority of the statute to bring suit in the county of defendants' residence necessarily presupposes that the court have jurisdiction of the subject-matter of the action, as well as of the parties.
The circuit court in this state, under our Constitution and laws, cannot by its officers take possession of property beyond its territorial limits.
A proceeding in rem or in the nature of a proceeding in rem should be brought in the county where the land lies.
A suit to foreclose a mortgage is to a certain extent and for certain purposes a proceeding in rem, since it is primarily directed against the mortgaged property, but it is more accurately termed "quasi in rem."
147 So. at 268 (cites omitted). The supreme court has not only refused to retreat from or abolish this rule of law, it has most recently reaffirmed it.[7]
In Meka Construction Corp. v. Village Mall of Port Orange, Ltd., 469 So.2d 838 (Fla. 5th DCA), rev. denied, 480 So.2d 1295 (Fla. 1985), this court held that a contractor's action to foreclose a mechanic's lien was properly transferred to a court sitting in a county other than that in which the land was located because the property owner and the general contractor had contractually agreed that venue would lie in that court. The appellant in Meka did not argue the jurisdictional issue involved.
Court in rem jurisdiction is a very special type of necessary judicial subject matter jurisdiction.[8] It is not a matter *488 of venue.[9] Venue should not be, but often is, confused with jurisdiction.[10] Parties can usually contract as to venue. Parties cannot, however, contract as to court jurisdiction. A contractual venue provision attempting to authorize an in rem action, in which land is the res, to be brought in a court in a county in which the land is not located, is unenforceable because the parties cannot by contract confer in rem subject matter jurisdiction on a trial court which does not have it. For this reason this court has considered this case en banc and now recedes from Meka Construction Corp. and holds that a venue agreement to the effect that an action to foreclose a mechanic's lien on land may be brought in a county other than that in which the land lies is ineffective because such an action requires in rem court jurisdiction and only a court with geographical jurisdiction over the county where the land lies has such in rem jurisdiction.
In this case the owner also urges that it should be allowed to enforce the contractual venue provision as an intended third party beneficiary. We cannot agree with this contention either. Generally a property owner is not the intended third party beneficiary of a contract between a general contractor and a subcontractor. Corbin states that absent clear words in the contract to the contrary, the owner has no right against the subcontractor; the benefit he receives must be regarded as merely incidental. 4 A. Corbin, Corbin on Contracts § 779D, at 47 (1951). See also Id. at § 787, at 102-03; Restatement (Second) of Contracts § 302 illustration 19 (1981). As one court put it, "[a]lthough the work performed by subcontractors ultimately accrues to the property owner, the owner is ordinarily regarded as only an incidental beneficiary of the subcontract." National Cash Register Co. v. Unarco Industries, Inc., 490 F.2d 285, 286 (7th Cir.1974). See also Vogel v. Reed Supply Co., 277 N.C. 119, 177 S.E.2d 273 (1970). Here, as neither the contract nor anything else in the record indicates that the contract was intended to benefit anyone other than the parties themselves, the owner is merely an incidental beneficiary and has no right to enforce the venue provision. See Moyer, Inc. v. Graham, 285 So.2d 397 (Fla. 1973).
Both the appellant and the appellee seek attorney's fees for this appeal pursuant to section 713.29, Florida Statutes. However, the litigation concerning the subcontractor's complaint to foreclose a mechanic's lien has not yet concluded. Therefore, no party is yet a prevailing party under section 713.29. Mainlands Construction Co., Inc. v. Wen-Dic Construction Co., Inc., 482 So.2d 1369 (Fla. 1986). Both motions for attorney's fees are denied without prejudice to renewal upon a final determination.
AFFIRMED.
UPCHURCH, C.J., DAUKSCH, ORFINGER, COBB and COWART, JJ., concur.
SHARP, J., concurs specially with opinion.
SHARP, Judge, concurring.
I concur with the majority opinion for the reasons stated therein, as well as those given in my special concurring opinion in Harvey v. Mattes, 484 So.2d 1382, 1384 (Fla. 5th DCA 1986).
NOTES
[1] Chapter 713, Florida Statutes.
[2] See generally 21 C.J.S. Courts § 45 (1940) which states: "Actions for the recovery of the possession of land, or to determine the title to land, are local and must be brought in the place where the land lies."
[3] See Board of Trustees of the Internal Improvement Trust Fund of the State of Florida v. Mobile Oil Corp., 455 So.2d 412 (Fla. 2d DCA 1984), approved in part, quashed in part, Coastal Petroleum Co. v. American Cyanamid Co., 492 So.2d 339 (Fla. 1986) (expressly approving that portion of Mobil Oil holding that Mobil's reply counterclaim seeking a declaratory judgment to remove a cloud on the title to a parcel of submerged land was local to Polk County and jurisdiction rested only in the circuit court of that county).
[4] Such in rem actions in which the land is the res must be distinguished from actions in which the court can effectuate the object of the cause only indirectly by acting on the parties and where such in personam action merely involves land, such as suits for rescission or cancellation or reformation of a contract for sale of land or a deed to land or suits for the specific performance of a contract to convey land. See, e.g., Royal v. Parado, 462 So.2d 849 (Fla. 1st DCA 1985); McMullen v. McMullen, 122 So.2d 626 (Fla. 2d DCA 1960). To the statement that specific performance of a contract to convey land can be an in personam action because the court can act on the person of the defendant to cause him to execute a conveyance of land beyond the territorial jurisdiction of the court a caveat must be added: a court cannot cause its own judgment to effect a title transfer under Florida Rule of Civil Procedure 1.570(d) unless the court has in rem jurisdiction. Similarly, but conversely, it has been held that under section 713.24(3), Florida Statutes, where a material supplier whose mechanic's lien had been transferred from real property to a payment bond, the proper venue of an action to recover on that bond is in the county where the security was deposited and not in the county where the property is located. Morganti South, Inc. v. Hardy Contractors, Inc., 397 So.2d 378 (Fla. 4th DCA 1981). The transfer of the security of the lien from the land to the bond pursuant to statute apparently results in a conversion of the lienor's cause of action from one in rem to one in personam.
[5] When a cause of action is one in rem, the court must have geographic power or control over the res (the land), the thing which is the subject of the controversy. Florida Power & Light Co. v. Canal Authority of the State of Florida, 423 So.2d 421 (Fla. 5th DCA 1982), rev. denied, 434 So.2d 887 (Fla. 1983).
[6] See, e.g., Royal v. Parado, 462 So.2d 849 (Fla. 1st DCA 1985); Mobil Oil, supra, note 3, 455 So.2d at 416; Franklin v. Sherwood Park, Ltd., Inc., 380 So.2d 1323 (Fla. 3d DCA 1980); Davidson v. Green, 367 So.2d 1032 (Fla. 1st DCA 1979) (Smith, J., dissenting); Hendry Corp. v. State Board of Trustees of the Internal Improvement Trust Fund, 313 So.2d 453 (Fla. 2d DCA 1975); Sales v. Berzin, 212 So.2d 23 (Fla. 4th DCA 1968).
[7] Coastal Petroleum Co. v. American Cyanamid Co., 492 So.2d 339 (Fla. 1986), approving in part, quashing in part, Board of Trustees of the Internal Improvement Trust Fund of the State of Florida v. Mobil Oil Corp., 455 So.2d 412 (Fla. 2d DCA 1984).
[8] It is explained in Mobil Oil, supra, note 3, 455 So.2d at 415-16, that in in rem actions there are two aspects of subject matter jurisdiction, viz: (1) the usual one, that court subject matter jurisdiction means jurisdictional power to adjudicate the class of cases to which the cause belongs (see Florida Power & Light Co. v. Canal Authority, supra), and (2) territorial jurisdiction or authority over the land which is the object (subject matter) of a particular in rem action.
[9] The venue statute accommodates this jurisdictional requirement by providing that actions can be brought "where the property in litigation is located." See § 47.011, Fla. Stat.
[10] See Harvey v. Mattes, 484 So.2d 1382 (Fla. 5th DCA 1986) (Sharp, J. concurring specially).