515 So.2d 272 (1987)
INSURANCE COMPANY OF NORTH AMERICA, Appellant,
v.
JETSTAR DEVELOPMENT, INC., Appellee.
No. 87-1384.
District Court of Appeal of Florida, Fourth District.
October 14, 1987.
Rehearing Denied December 1, 1987.
Joel W. Walters of Abel, Band, Brown, Russell & Collier, Chartered, Sarasota, for appellant.
*273 Bruce Zeidel of Gorman and Zeidel, North Palm Beach, for appellee.
DELL, Judge.
Insurance Company of North America (INA) appeals from an order denying its motion to transfer venue.
Appellee Jetstar Development, Inc. (Jetstar) entered into a sub-contract with Gulf Constructors, Inc. (Gulf) to supply labor and materials for the construction of a project located in Palm Beach County, Florida. The contract between Jetstar and Gulf contained a provision concerning venue:
In the event of suit by the Contractor or its surety against the Sub-contractor or its surety or those with whom he deals on behalf of this agreement, or suit by the Sub-contractor or its surety or those with whom he deals on behalf of this agreement, against the Contractor or its surety, then the venue of such suit shall be in Sarasota County, Florida, and the Sub-contractor hereby waives for itself, its surety or those with whom he deals on behalf of this agreement whatever rights it may have in the selection of venue.
Jetstar filed suit in Palm Beach County against INA and alleged that Gulf breached the subcontract by failing to pay sums due and owing under the contract. Jetstar sued INA as surety for Gulf under Chapter 713, Florida Statutes (1985). INA moved to transfer venue to Sarasota County based upon the venue provision in the contract between Jetstar and Gulf. Jetstar argued that section 713.23(1)(g), Florida Statutes (1985) controlled, hence venue was properly laid in Palm Beach County.
INA contends that the trial court erred when it denied its motion to transfer venue to Sarasota County. We agree and reverse.
Appellee argues that it sued INA as a surety pursuant to section 713.23, Florida Statutes and that since section 713.23(1)(g) expressly provides that "no bond shall contain any provisions restricting the classes of persons protected thereby or the venue of any proceeding" the general provisions of Chapter 47, Florida Statutes (1985) control venue in this case. Jetstar also argues that the contractual provision for venue in Sarasota County does not apply because it has not sued for breach of contract and that INA cannot claim the benefits of the provision for venue as a third party beneficiary to the contract.
Jetstar misplaces its reliance on section 713.23. The bond does not contain any provision restricting venue. Jetstar expressly agreed that in the event of an action against Gulf or its surety, that venue would be in Sarasota County. It is well settled that parties to a contract may agree as to venue and that such agreements are valid and enforceable. See Business Aide Computers, Inc. v. Central Florida Mack Trucks, Inc., 432 So.2d 681 (Fla. 5th DCA 1983); Honea v. Walker Chemical & Exterminating Company, 393 So.2d 1210 (Fla. 5th DCA 1981) and Deeb, Inc. v. Board of Public Instruction, 196 So.2d 22 (Fla. 2d DCA 1967).
We find no support in Publix Super Markets, Inc. v. Cheesbro Roofing, Inc., 502 So.2d 484 (Fla. 5th DCA 1987) for appellee's argument that INA was not an intended third-party beneficiary of the contract. In Publix Super Markets, Inc., neither the contract nor anything in the record indicated that the contract was intended to benefit anyone other than the parties themselves. Id. at 488. Here the contract expressly provided that the venue provision applied to the parties and to their sureties.
Accordingly, we hold that the trial court erred when it failed to enforce the parties' contractual agreement as to venue for the benefit of Gulf's surety. We reverse the order denying INA's motion to transfer venue and remand this cause for further proceedings not inconsistent herewith.
REVERSED and REMANDED.
HERSEY, C.J., and LETTS, J., concur.