KAHN, Judge.
This appeal raises the question of proper venue in an action brought by a subcontractor against a bonding company on a surety bond, where the principal on the bond, the prime contractor, is not named in the subcontractor’s action. The surety, American Insurance Company (American), pursuant to section 255.05, Florida Statutes (1989), issued a labor and material payment bond to Hewitt Contracting Company, Inc. (Hewitt), the prime contractor, for construction of a prison facility for the state of Florida in Columbia County. Hewitt entered into a subcontract with appellee Joyner Electric, Inc. (Joyner). In April 1992, Joyner filed an action against American in Leon County, seeking payment under the bond for amounts unpaid by Hewitt. American sought an order requiring transfer of venue to Lake County pursuant to a venue provision contained in the subcontract between Hewitt and Joyner. The trial court refused to change venue. We affirm.
According to American, the subcontract contains two provisions which require a transfer of this case to Lake County. Article 14.2 provides, “venue of all litigation or arbitration arising out of this Subcontract in whole or in part shall lie exclusively in Lake County, Florida.” Article 5.1 of the subcontract provides that all payments thereunder must be made in Lake County. American, relying upon *800 these provisions and upon Deeb, Inc. v. Board of Public Instruction of Columbia County, Florida, 196 So.2d 22 (Fla. 2d DCA 1967), and Insurance Company of North America v. Jetstar Development, Inc., 515 So.2d 272 (Fla. 4th DCA 1987), argues that the subcontract provisions require an action against the bonding company to be brought only in Lake County. Article 14.2 is obviously a specific venue provision. Article 5.1 is a provision for place of payment. American argues that under Coordinated Constructors v. Florida Fill, Inc., 387 So.2d 1006 (Fla. 3d DCA 1980), Joyner’s action accrued in Lake County since that was the county in which Hewitt was obligated to perform under the contract and, therefore, the county in which Joyner’s cause of action accrued for purposes of section 47.051, Florida Statutes (1989).
American's argument ignores language contained in its labor and material payment bond issued to Hewitt. Despite the restrictive venue clause contained in the subcontract between Hewitt and Joyner, the bond simply provides that an action against the surety or the contractor may be brought in the county in which the public building or public work is being constructed, or in any other place authorized by the provisions of Chapter 47, Florida Statutes. Chapter 47 provides that an action against a foreign corporation doing business in Florida (which American is) may be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located.
Section 255.05(l)(a), Florida Statutes (1989), provides that a surety’s payment obligation arises when the contractor fails to perform the contract in the time and manner prescribed in the contract, or fails promptly to make payments to subcontractors. Both the bond itself and section 255.-05(5) recognize that an action against the surety may be brought in any county authorized under Chapter 47, Florida Statutes. As previously noted, Chapter 47 authorizes an action against a foreign corporation in the county where the cause of action accrued.
The present cause of action is brought pursuant to the bond, and not merely pursuant to the subcontract. In Carlson-Southeast Corp. v. Geolithic, Inc., 530 So.2d 1069 (Fla. 1st DCA 1988), this court observed:
Where the performance required under the contract is the payment of money and no place for payment is specified in the contract, payment is due where the creditor resides ‘because in such instance, the debtor must seek the creditor.’
530 So.2d at 1072 (citations omitted).
For purposes of applying the reasoning of Geolithic, the “contract” is the surety bond issued by American which adopts the venue provisions of Chapter 47, Florida Statutes. Accordingly, then, the cause of action for an amount due and owing under the bond accrued where the creditor, Joyner, resides. Id.; see also, Coordinated Constructors v. Florida Fill, Inc., supra. Joyner resides in Leon County. Thus, the action was properly brought in Leon County, and the trial court properly refused to change venue.
Deeb, supra, and Jetstar, supra, do not apply to this case. The subcontracts in those cases specifically referenced the surety in the venue provision. The venue provision in the subcontract between Hewitt and Joyner does not mention American. Rather, the bond issued by American contains its own venue provision. Since Hewitt is not a party to this lawsuit, the provision contained in American’s bond, construed in light of section 255.05, Florida Statutes (1989), controls.
AFFIRMED.
ALLEN and WOLF, JJ., concur.