629 So.2d 938 (1993)
BLACKTON, INC., etc., Appellant,
v.
Chris E. YOUNG, et al., Appellees.
No. 93-2214.
District Court of Appeal of Florida, Fifth District.
December 10, 1993.
Rehearing Denied January 21, 1994.
*939 Barry Kalmanson, Barry Kalmanson, P.A., Orlando, for appellant.
Matt G. Firestone and Barbara Rudolph Smith, Akerman, Senterfitt & Eidson, Orlando, for appellees.
DAUKSCH, Judge.
Appellant, Blackton, Inc., timely appeals a final judgment dismissing its complaint with prejudice for lack of subject matter jurisdiction.
This case arose when appellant filed a complaint in the circuit court to foreclose a construction lien against appellees, Chris and Carolyn Young. Appellant alleged in its complaint that it had entered into an agreement with appellees to supply those materials necessary to complete a roofing contract to improve their real property and that appellees had failed to pay the balance owed under the agreement of $757.05. Appellant additionally alleged that it had complied with the contractual and statutory requirements for filing a claim of lien. Although its complaint also asserted a cause of action for quantum meruit, appellant voluntarily dismissed this cause of action. The circuit court granted appellees' motion to dismiss the complaint for lack of subject matter jurisdiction citing Nachon Enterprises Inc. v. Alexdex Corp., 615 So.2d 245 (Fla. 3d DCA), rev. granted 626 So.2d 203 (Fla. Sept. 15, 1993). The court found that appellant was not barred from refiling its action in county court.
Appellant contends on appeal that the trial court erred by dismissing its complaint for lack of subject matter jurisdiction because circuit courts have exclusive original jurisdiction in all construction lien foreclosure actions without regard to the amount in controversy. It relies upon sections 26.012(2)(c) and (g), Florida Statutes (1991) which provide that circuit courts shall have exclusive original jurisdiction in all cases in equity and in all actions involving the title and boundaries of real property (emphasis supplied). The problem in this case arises because section 34.01(4), Florida Statutes (1991) provides that county courts may hear all matters in equity involved in any case within their jurisdictional amount except as otherwise restricted by the State Constitution or the laws of Florida. Before the enactment *940 of section 34.01(4) on October 1, 1990, equity jurisdiction was exclusively in the circuit courts. Because a construction lien foreclosure is an equitable action, Corbin Well Pump & Supply, Inc. v. Koon, 482 So.2d 525 (Fla. 5th DCA 1986), the issue in this case is whether the circuit court or the county court has jurisdiction of the foreclosure action.
There are several constitutional provisions which restrict the county courts' jurisdiction. Specifically, Article V, Section 6(b), Florida Constitution provides that county courts shall exercise the jurisdiction prescribed by general law. Additionally, Article V, Section 20(c)(3), Florida Constitution provides that circuit courts shall have exclusive original jurisdiction in all actions at law not cognizable by county courts, in all cases in equity and in all actions involving the titles or boundaries or right of possession of real property (emphasis supplied). Article V is effective from January 1, 1973 until changed by general law. FLA. CONST. art V, §§ 20(c), (j).
Notably, there is an inconsistency between Article V, Section 20(c)(3), Florida Constitution which vests circuit courts with exclusive original jurisdiction in all actions involving the titles or boundaries of real property [and in all equity actions] and section 26.012(2)(g), Florida Statutes (1991) which vests circuit courts with exclusive original jurisdiction in all actions involving the title and boundaries of real property (emphasis supplied). However, Article V, Sections 20(c) and (j), Florida Constitution specifically provide that Article V is effective from January 1, 1973 until changed by general law. In 1974, the legislature changed the language in section 26.012(2)(g), Florida Statutes (1973) giving circuit courts jurisdiction in "all actions involving the title, boundaries, or right of possession of real property" to "all actions involving the title and boundaries of real property." See § 26.012(2)(g), Fla. Stat. (1974 Supp). Additionally, section 34.01(4), Florida Statutes (1991), which expands the circuit courts' equity jurisdiction to include county courts, became effective October 1, 1990. These provisions thereby supersede the constitutional provision.
Appellant contends that the circuit court's reliance on Nachon is misplaced because that decision is in direct conflict with this court's decision in Publix Super Markets, Inc. v. Cheesbro Roofing, Inc., 502 So.2d 484 (Fla. 5th DCA 1987). We disagree. As in the present case, Nachon involved an action to foreclose a construction lien under $5,000. The facts showed that appellant filed a notice of lis pendens to establish and foreclose a construction lien against appellee in the county court. Appellee filed a complaint in the circuit court to show cause and to discharge the lien. Appellant filed a motion to dismiss appellee's complaint on the ground that it had already instituted a foreclosure action in county court. The circuit court, however, granted appellee's motion to discharge the lien because appellant had not properly responded to its show cause action.
The district court reversed the circuit court's order denying appellant's motion to dismiss appellee's complaint filed in that court. Relying upon section 34.01(4), Florida Statutes (1991), effective October 1, 1990, the court noted that county courts were now considered to be courts of competent jurisdiction to hear foreclosure actions which are equitable in nature. As previously discussed, section 34.01(4) provides that county court judges may hear all matters in equity involved in any case within the county court's jurisdictional amount except as otherwise restricted by the State Constitution or the laws of Florida.
The district court distinguished its case involving a foreclosure action from an action to quiet title which it found to be within the circuit court's exclusive jurisdiction pursuant to section 26.012(2)(g), Florida Statutes (1991) [presumably because an action to quiet title is an action which involves the title and boundaries of real property]. The court further reasoned that because the foreclosure action in its case was not an action "`involving the title and boundaries of real property,'" it did not fall under the circuit court's jurisdiction pursuant to section 26.012(2)(g). Accordingly, it concluded that construction lien foreclosure actions are to be filed in the county court if the amount at issue does not exceed that court's jurisdictional limit.
*941 Publix Super Markets also involved a mechanic's lien foreclosure action but the issue in that case was whether a contractual venue provision authorizing an in rem action, in which land is the res, to be brought in a county in which the land is not located, is enforceable. This court found that it was not concluding that a venue agreement which provides that an action to foreclose a mechanic's lien on land may be commenced in a county other than that in which the land is located is ineffective because the action requires in rem court jurisdiction or jurisdiction over the county where the land lies.
Nachon is not in conflict with Publix Super Markets. Significantly, Publix Super Markets was decided before the enactment of section 34.01(4) on October 1, 1990 which expanded the circuit courts' exclusive original jurisdiction in all equity actions to also include county courts. Moreover, Nachon does not challenge this court's finding that an action to foreclose a mechanic's lien is an action which directly affects title to the land; rather, it merely determined that a mechanic's lien case does not involve the title and boundaries of real property, as is required to invoke the circuit court's jurisdiction under section 26.012(2)(g) (emphasis supplied).
A mechanic's lien foreclosure action does not involve the boundaries of property. A mechanic's lien is a an equitable lien on real property created by law for the purpose of obtaining priority of payment of the price or value of work performed or materials furnished in improving real property. 36 FLA.JUR.2D Mechanics' Liens §§ 1, 5 (1982). In Publix Super Markets, this court noted that an action to foreclose a mechanic's lien is an action to judicially convert a lien interest against a land title to a legal title to the land. Publix Super Markets, 502 So.2d at 485. To do so the trial court is required to directly act on the title to the real property. Id. Title to real property is "[t]he right to or ownership in land." BLACK'S LAW DICTIONARY 1331 (5th ed. 1979). Because the boundaries to the property are not involved as in a quiet title or a partition action, the circuit court in the present case correctly relied upon Nachon [and section 34.01(4)] in dismissing appellant's complaint from the circuit court. Appellant's construction lien, in the amount of $757.05, is within the county court's jurisdictional limits of $15,000. See 34.01(1)(c)4., Fla. Stat. (1991).
AFFIRMED.
DIAMANTIS, J., concurs.
PETERSON, J., concurs in result only without opinion.