LEVY, Judge.
The Defendant below, in an action involving real property, appeals from a non-final Order which found that service of process by publication was adequate and effective as to one count of a multi-count complaint.[1] The relevant count of the complaint seeks rescission of a contract involving the sale of real property, or, in the alternative, money damages. The appellant asserts that the claim against her is an in personam action which cannot properly be served by publication. We agree, and reverse that portion of the trial court’s Order which found that valid service of process was made by publication as to Count IX of the Amended Complaint.
It is well-settled, under numerous appellate decisions of this State, that there is a distinction between in rem actions which directly affect real property, and in personam actions which indirectly involve real property. Those actions which indirectly involve land, and are therefore in personam in nature, include suits seeking the rescission or cancellation of a contract for the sale of land.[2] See Zieman v. Cosio, 578 So.2d 332 (Fla. 3d DCA 1991) (holding that service by publication was improper where the prospective buyer in a failed real estate transaction sought money damages and rescission of the real estate contract); Publix Super Markets, Inc. v. Cheesbro Roofing, 502 So.2d 484, 486 at n. 4 (Fla. 5th DCA 1987) (explaining that “in rem actions in which the land is the res must be distinguished from actions in which the court can effectuate the object of the cause only indirectly by acting on the parties and where such in personam action merely involves land, such as suits for rescission or cancellation or reformation of a contract for sale of land or a deed to land or suits for the specific performance of a contract to convey land.”) (citations omitted); Royal v. Parado, 462 So.2d 849, 854 (Fla. 1st DCA 1985) (holding that the appellee’s action in invoking the equitable remedy of rescission of a deed “would operate primarily as a coercive, in personam action against the appellants.”). See also Alternative Dev. v. St. Lucie Club & Apt., 608 So.2d 822 (Fla. 4th DCA 1992); Greene v. A.G.B.B. Hotels, Inc., 505 So.2d 666 (Fla. 5th DCA 1987).
Count IX of the appellee’s complaint seeks rescission of a contract for the sale of land or, in the alternative, money damages for the alleged fraudulent transfer of property. As such, while the instant action may ultimately have an indirect affect on real property, it does not directly affect real property. Therefore, as an in personam action, service of process by publication was improper under Section 49.011, Florida Statutes (1997).[3] That portion of the trial court’s Order which found that service of process by publication was proper as to Count IX of the Amended Complaint is hereby reversed.
Reversed.

. The same service of process was found to be ineffective as to the remaining counts.

. Litigation directly affecting property would include partition actions, ejectment actions, condemnation actions, quiet title actions, an action to foreclose a mechanic’s lien, or an action to foreclose a mortgage on land. See Publix Super Markets, Inc. v. Cheesbro Roofing, Inc., 502 So.2d 484 (Fla. 5th DCA 1987).

.Based on the foregoing discussion and disposition of this case, there is no need for us to address the appellant’s contention that she was not a named party to Count DÍ of the Amended Complaint.