PALMER, J.
Veronica McGuire appeals the trial court’s non-final order denying her motion *373 to dismiss Wiginton Fire Sprinklers, Inc’s complaint for improper venue, or in the alternative, to transfer the case to the proper venue.[1] We affirm.
Wiginton filed a complaint in Orange County against McGuire and her builder alleging breach of contract and quantum meruit based on their failure to pay for moving a sprinkler pump. The complaint states that, while McGuire did not sign the contract, she was bound by the agreement because her builder signed the contract as her agent. As to venue the complaint averred that, although McGuire resides in Brevard County, venue was proper in Orange County pursuant to a venue selection clause in the contract.
In her motion to dismiss, McGuire contended that venue as to her was not proper in Orange County because, in signing the contract, the builder was not authorized to act as her agent. The trial court determined that the evidence of record failed to support McGuire’s contention and therefore denied her motion. We agree. McGuire testified that the builder possessed full authority to do whatever necessary to build her home, that he did everything on her behalf, and that moving the sprinkler pump was a necessary step in constructing the home. See Crescent Beach, Inc. v. Jarvis, 435 So.2d 396, 398 (Fla. 5th DCA 1983)(holding that the party seeking the change in venue has the burden of establishing that the initial choice of venue was improper).
AFFIRMED.
COBB and PETERSON, JJ., concur.

. This court has jurisdiction pursuant to rule 9.130(a)(3)(A) of the Florida Rules of Appellate Procedure.