KLEIN, J.
Appellant is a subcontractor who had a contract with a general contractor requiring arbitration of all disputes. After the subcontractor filed mechanic’s liens, the landowner, who was not a party to the subcontract, moved to compel the subcontractor to arbitrate the mechanic’s liens. The trial court granted the motion because the subcontract required arbitration of “all claims” arising out of the subcontract.
An owner who is not a party to a contract containing an arbitration clause cannot compel a subcontractor to arbitrate, unless the owner is a third party beneficiary of the contract. Nestler-Poletto Realty v. Kassin, 730 So.2d 324 (Fla. 4th DCA 1999). The subcontract in this case expressly provided that none of its provisions was “for the benefit of or enforceable by anyone other than the parties hereto.” Nor is a property owner generally considered a third party beneficiary of a contract between a general contractor and a subcontractor. Publix Super Mkts., Inc. v. Cheesbro Roofing, Inc., 502 So.2d 484 (Fla. 5th DCA 1987).
The order requiring arbitration is reversed.
STONE and TAYLOR, JJ., concur.