WARNER, J.
A subcontractor, who was sued by a supplier in Palm Beach County, appeals an order transferring venue of its cross-claim against the contractor to Sarasota County pursuant to a venue provision in the contract between the contractor and subcontractor. It claims that the possibility of inconsistent results mandates retaining the action in Palm Beach County. We disagree and affirm.
The parties entered into a construction contract containing a venue provision requiring disputes over the contract to be filed in Sarasota, Florida. Agreements in which the parties have agreed on a specific venue provision are valid and enforceable. See Ins. Co. of N. Am. v. Jetstar Dev., 515 So.2d 272, 273 (Fla. 4th DCA 1987).
The subcontractor seeks to evade enforcement of the venue provision by claiming that inconsistent results may occur if the supplier’s claim is tried in Palm Beach County while the breach of the subcontract cross-claim is tried in Sarasota County. We conclude that the trial court did not abuse its discretion in enforcing the venue provision of the contract and transferring the cross-claim to Sarasota.
The cross-claim stated a cause of action for breach of the contract between the subcontractor and the contractor over a school construction contract worth two million dollars. The initial complaint by the supplier demanded payment for purchases in the amount of approximately $24,000. The supplier sued the school board, the contractor, and the subcontractor. The subcontractor’s liability to the supplier is based on unjust enrichment and breach of a contract between the supplier and the subcontractor. It does not require the adjudication of the liability between the contractor and the subcontractor. The subcontractor’s answer requests indemnity from the contractor, but this is in the nature of a cross-claim itself, not an affirmative defense to the supplier’s action. Thus, trying the issues in the main complaint will not result in any inconsistent rulings.
Affirmed.
FARMER, C.J. and GUNTHER, J., concur.