DANE CONSTRUCTION AND COMPANY, INC.,
Plaintiff,

v.

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a foreign corporation, Liberty Mutual Insurance Company, a foreign corporation, Federal Insurance Company, a foreign corporation, Fidelity and Deposit Company of Maryland, a foreign corporation, Defendants.

Case No. 16-61096-Civ-DIMITROULEAS

United States District Court,
S.D. Florida.

Signed September 19, 2016

Edward Etcheverry, Jeffrey Scott Geller, Etcheverry & Harrison LLP, Plantation, FL, for Plaintiff.

Harold Eugene Lindsey, III, Katz Barron Squitero Faust, Miami, FL, for Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT ON GROUNDS OF *FORUM NON CONVENIENS*

WILLIAM P. DIMITROULEAS,
United States District Judge

THIS CAUSE having come before the Court upon Defendants, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, and FIDELITY AND DEPOSIT COMPANY OF MARYLAND (collectively, "Defendants" or the "Sureties") Motion to Dismiss the Com-

plaint on Grounds of *Forum Non Conveniens*, for an Extension of Time to Answer the Complaint in the Event that this Motion is Denied [DE 18/19], filed herein on August 1, 2016. The Court has carefully considered the Motion, Plaintiff DANE CONSTRUCTION AND COMPANY, INC. ("Plaintiff" or "Dane")'s Response [DE 23], Defendants' Reply [DE 24] and is otherwise fully advised in the premises.

## A. Background

■ According to the allegations of the Complaint [DE 1]: On or about October 25, 2011, Tutor Perini Fort Lauderdale-Hollywood Venture("Tutor Perini"), as contractor, entered into a contract (the *"Owner's Agreement"*) with the Board of County Commissioners of Broward County, Florida (the "County") for the construction of the project known as the "US 1/FEC RR Structures for the Expansion of Runway 9R-27L at FLL, RFP N0840412P1" located in Broward County, Florida (the "Project"). *See* [DE 1] at ¶ 10; [DE 18-1—18-8][1].

On or about September 30, 2011, the Sureties issued *Agreement Form G: Payment Bond* bearing no. 105650666, 9059819, 24041905, and 82289520 (the *"Bond"*) on behalf of Tutor Perini, as principal. ¶ 11; attached at [DE 1-5]. By its terms, the *Bond* is governed by Section 255.05, Fla. Stat. (2011). *See* [DE 1-5] at pp. 1-2. The *Bond* contains no provisions governing venue for any action under the *Bond*. *See id.*

On or about June 21, 2013, Tutor Perini, entered into a written subcontract with Plaintiff Dane (the *"Subcontract"*) for the provision of certain labor, services and materials at the Project. [DE 1] at ¶ 12; attached at [DE 1-6].

On May 23, 2016, Plaintiff Dane filed its Complaint against the Sureties [DE 1], asserting a single-count against the Sureties for "Breach of Payment Bond," and alleging that "Sureties are in material breach of their obligations under the Bond..." Plaintiff specifically alleges in the Complaint that, irrespective of any disputed payment terms between Contractor Tutor Perini and Dane, the Sureties remain obligated to pay Dane's claim under the *Bond*, that Dane has made demand upon the Sureties under the *Bond*, and that Sureties have failed to pay Dane under the *Bond* despite its demand, in violation of the Sureties' obligations under the *Bond*. *See* [DE 1]. Dane has not filed an action against the Contractor Tutor Perini under the *Subcontract* or the *Owner's Agreement*.

## B. Discussion

■ On August 1, 2016, the Sureties filed the instant motion, asserting that the venue and forum provisions contained in the *Subcontract* and *Owner's Agreement* should result in the Court dismissing this case based upon grounds of *forum non conveniens* for Plaintiff Dane to re-file this action against the Sureties in the Seventeenth Judicial Circuit in and for Broward County, Florida.

■ When moving to dismiss on the grounds of *forum non conveniens*, the moving party must demonstrate that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice. *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1310–11 (11th Cir.2001).

---

[1]. The Court may consider this document when deciding a motion to dismiss on *forum non conveniens* grounds. "In making a forum non conveniens determination, the Court may look to the parties' submissions of proof in support or opposition to the motion." *J.C. Renfroe & Sons, Inc. v. Renfroe Japan Co.*, 515 F.Supp.2d 1258, 1266 (M.D.Fla.2007).

Here, the first prong, that an adequate alternative forum is available, appears to be met. Plaintiff could have originally filed this action in the Seventeenth Judicial Circuit in and for Broward County, Florida. The third prong, that the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice, initially appears problematic because of statute of limitations issues with refiling the action in state court at the present time. However, the Sureties alleviate the statute of limitations concern in their reply, stating that:

> The Sureties have no objection if the Court subjects dismissal to the tolling of the statute of limitations from the date that Dane filed the instant action, to wit, May 23, 2016, to a reasonable period of time following the Court's order.

*See* [DE 24] at p. 10.

 Accordingly, the Court will turn to the second prong, whether the public and private factors weigh in favor of dismissal. Courts generally consider the following factors when making this decision: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergy's Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir.2005). "No single factor is dispositive, and courts have differed in the weight afforded to each individual factor." *Wi–LAN USA, Inc. v. Apple Inc.*, 2013 WL 1343535, at *2 (S.D.Fla. Apr. 2, 2013). The ultimate decision is within the court's sound discretion. *Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir.1991).

In this case, the Sureties rely heavily on their contention that certain venue and forum selection clauses in the *Owner's Agreement* and the *Subcontract* provide for the exclusive jurisdiction of this case is in the State courts of the Seventeenth Judicial Circuit of Broward County, Florida.

In *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, —— U.S. ——, 134 S.Ct. 568, 187 L.Ed.2d 487 (2013), the Supreme Court explained that a viable forum selection clause is strongly controlling in all but exceptional circumstances: "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation.... As a consequence, a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 582; *see also GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1028–29 (11th Cir.2014).

The Sureties rely on a combination of venue and forum provisions contained in the *Subcontract* and *Owner's Agreement*, as set forth below:

The *Owner's Agreement* contains the following forum-selection provision:

> This Agreement shall be interpreted and construed in accordance with and governed by the laws of the State of Florida. Any controversies or legal problems arising out of this Agreement and any action involving the enforcement or interpretation of any rights hereunder shall be submitted to the exclusive jurisdiction of the State courts of the Seven-

teenth Judicial Circuit of Broward County, Florida, the venue situs, and shall be governed by the laws of the State of Florida.

[DE 18-2] at p. 68, § 20.23.

The *Owner's Agreement* also states in § 20.4 "Subconsultant/Subcontractor":

[Tutor Perini] shall utilize the Subconsultants/Subcontractors identified in the proposal that were a material part of the selection of [Tutor Perini] to provide the services for this Project.... Tutor Perini shall specifically bind all Subconsultants/Subcontractors to the provisions of this Agreement.

[DE 18-2] at p. 62, § 20.4.

The *Subcontract*, in turn provides that: The Subcontractor is bound to the provisions of the Owner's Agreement as required by Article 20.4 Subconsultant/Subcontractor (Page 62) of the Owner's Agreement. (Including but not limited to provisions pertaining to dispute resolution, jurisdiction, venue, insurance laws and regulations and all other provisions, terms and conditions of the prime contract whether or not directly related to the performance of Subcontractor's work.

[DE 1-6] at p. 1, § 1

The "Dispute Resolution" section of the *Subcontract* provides the following subsections:

[A]ll claims and disputes between Subcontractor and Contractor shall be resolved by litigation in the Courts of the State of Florida.

[DE 1-6] at p. 13, § 20.1 (emphasis added). The venue of any action, proceeding or arbitration, if elected by the Contractor, brought under this Subcontract shall be in the County of Broward, State of Florida. The parties expressly agree to submit to the service of process in and to the jurisdiction of the Courts of the State of Florida in connection with any dispute, claim or controversy arising under the Subcontract, or any matter in relation to the work, labor, services or materials furnished to the Project.

[DE 1-6] at p. 13, § 20.2 (emphasis added).

This Subcontract Agreement shall be governed and construed by the laws of the State of Florida. Subcontractor waives any venue rights and privileges pursuant to Chapter 47, Florida Statutes, and expressly agrees that the venue for any action brought by Subcontractor against the Contractor or its sureties shall be brought in the County of Broward and nowhere else, and that such forum shall be the exclusive jurisdiction for determining an action brought by Subcontractor against Contractor or its sureties. Subcontractor agrees that Contractor may bring an action against Subcontractor or Subcontractor's sureties in any forum of Contractor's choosing, and Subcontractor waives any right to object to the venue chosen by Contractor.

[DE 1-6] at p. 13, § 20.4 (emphasis added).

First, it is undisputed that the only claim against the Sureties in this case is a dispute between a Subcontractor and the Sureties for a claim against the *Bond*. There is no claim at issue under the *Owner's Agreement* or under the *Subcontract*. There is no claim between the Subcontractor and the Contractor. Plaintiff specifically alleges in the Complaint that, irrespective of any disputed payment terms between Contractor Tutor Perini and Dane, the Sureties remain obligated to pay Dane's claim under the *Bond*, that Dane has made demand upon the Sureties under the *Bond*, and that Sureties have failed to pay Dane under the *Bond* despite its demand, in violation of the Sureties' obligations under the *Bond. See* [DE 1].

Second, the Sureties acknowledge that the *Bond* itself contains no provisions regarding venue and forum selection. However, they argue that because the *Bond* states that it incorporates the *Owner's Agreement,* the Court should incorporate the *Owner's Agreement's* forum and venue provisions into the *Bond* for purposes of determining whether there exists a valid forum-selection clause. The Sureties do not assert that the *Bond* incorporates the *Subcontract,* nor could they as a plain reading of the *Bond* reveals that it does not.[2] Accordingly, the Court shall disregard any venue or forum selection clauses found in the *Subcontract* as inapposite to the analysis in this case.

The Court now turns to the forum-selection provision set forth in the *Owner's Agreement,* which the Sureties contend is incorporated into the *Bond*:

This Agreement shall be interpreted and construed in accordance with and governed by the laws of the State of Florida. Any controversies or legal problems arising out of this Agreement and any action involving the enforcement or interpretation of any rights hereunder shall be submitted to the exclusive jurisdiction of the State courts of the Seventeenth Judicial Circuit of Broward County, Florida, the venue situs, and shall be governed by the laws of the State of Florida.

[DE 18-2] at p. 68, § 20.23.

Even if the Court agreed with the Sureties that this forum-selection provision is properly incorporated into the *Bond*[3], it would nonetheless not be applicable to the instant lawsuit. The instant action filed in this Court by Dane against the Sureties is a claim against the *Bond.* It is not accurately considered to be within the parameters of "[a]ny controversies or legal problems arising out of [the *Owner's Agreement*] and any action involving the enforcement or interpretation of any rights hereunder [the *Owner's Agreement*]."

Moreover, and in addition to the above, the Court agrees with Plaintiff that Defendants' attempts to incorporate venue and forum provisions from the *Owner's Agreement* and/or the *Subcontract* into the *Bond* is prohibited by Section 255.05(1)(a), Fla. Stat. (2011), which explicitly prohibits the inclusion of language in any bond seeking to restrict the venue of any proceeding thereupon:

(1)(a) ... Such bond shall be conditioned upon the contractor's performance of the construction work in the time and manner prescribed in the contract and promptly making payments to all persons defined in s. 713.01 who furnish labor, services, or materials for the prosecution of the work provided for in the contract. Any claimant may apply to the governmental entity having charge of the work for copies of the contract and bond and shall thereupon be furnished with a certified copy of the contract and bond. The claimant shall have a right of action against the contractor and surety for the amount due him or her, including unpaid finance charges due under the claimant's contract. Such action shall not involve the public authority in any expense.... **Any provision in a payment bond furnished for public work contracts as provided by this subsection which restricts** the classes of persons as defined in s. 713.01 protected by the bond **or the venue of any proceeding relating to such bond is unenforceable.**

---

2. Additionally, the *Bond* was issued nearly two years before the *Subcontract* was entered into.

3. *See infra* regarding the Court's discussion of whether such incorporation is prohibited by § 255.05(1)(a), Fla. Stat. (2011).

§ 255.05(1)(a), Fla. Stat. (2011)(emphasis added). While the Sureties rely heavily on *Ins. Co. of N. Am. v. Jetstar Dev., Inc.*, 515 So.2d 272, 273 (Fla. 4th DCA 1987), that case is distinguishable because "[t]he subcontracts in those cases specifically referenced the surety in the venue provision." *Am. Ins. Co. v. Joyner Elec., Inc.*, 618 So.2d 799, 800 (Fla. 1st DCA 1993) (distinguishing *Jetstar*, among others). Here, in contrast to *Jetstar*, the *Owner's Agreement* does not specifically reference the surety in the venue provision, and the only provision of the *Subcontract* specifically referencing suits against the Contractor's sureties states that "the venue for any action brought by Subcontractor against the Contractor or its sureties shall be brought in the County of Broward and nowhere else." The Court takes judicial notice that the Fort Lauderdale Division of the United States District Court for the Southern District of Florida is located in Broward County, Florida.

Based on the foregoing, the Court finds that there exists no legally enforceable venue/forum provision in the *Bond* upon which the Sureties may rely in support of their position that this case must be dismissed to be refiled in the Seventeenth Judicial Circuit of Broward County, Florida.

Without a valid forum-selection clause, the Sureties' motion to dismiss on *forum non conveniens* grounds in favor of Plaintiff refiling the action in the Seventeenth Judicial Circuit of Broward County, Florida is summarily disposed of. Every factor that the Court considers in making this decision, *see Manuel*, 430 F.3d at 1135, either weighs in favor of the action remaining in this Court, or is neutral. The Court shall deny the motion.

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss the Complaint on Grounds of *Forum Non Conveniens* that the Motion [DE 18] is **DENIED**.

2. Defendants' Motion for an Extension of Time to Answer the Complaint in the Event that this Motion is Denied [DE 19] is **GRANTED**. Defendants shall have up to and including September 30, 2016 to answer the Complaint.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of September, 2016.