# Third District Court of Appeal

## State of Florida

Opinion filed June 7, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-4
Lower Tribunal No. 15-17911
_____

## Travelers Casualty and Insurance Company of America,
Appellant,

vs.

## Community Asphalt Corporation,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Williams Thomas, Judge.

Knott Ebelini Hart, and George H. Knott and Kristie A. Scott (Fort Myers), for appellant.

Malka & Kravitz, P.A., and Ian T. Kravitz (Fort Lauderdale), for appellee.

Before SUAREZ, C.J., and EMAS and LOGUE, JJ.

LOGUE, J.

A Subcontractor sued a Surety for amounts unpaid by the General Contractor. The Surety moved to dismiss for improper venue. The motion to dismiss maintained that the lawsuit was not filed in the county required by the venue selection clause of the subcontract between the General Contractor and the Subcontractor. The trial court denied the motion. We have jurisdiction to review this non-final order. See Fla. R. App. P. 9.130(a)(3)(A). We affirm the order on all issues raised, and write only to explain why the subcontract's venue selection clause does not control.

### FACTS AND PROCEDURAL HISTORY

The General Contractor entered into a contract with the Collier County Board of County Commissioners to perform a construction project on an airport runway in the County. Among other things, the contract required the General Contractor to provide a public payment bond and public performance bond underwritten by a surety. In compliance with this mandate, the General Contractor retained the Surety. In conformance with the public bond statute, the bond underwritten by the Surety refrained from restricting the venue of lawsuits based upon it. See § 255.05(1)(e), Fla. Stat. (2015).

The General Contractor then entered into a subcontract with the Subcontractor to furnish asphalt paving for the project. The subcontract included a provision restricting venue to Lee County: "The parties hereby agree that the venue

2

for any legal action brought against the contractor or the contractor's surety in connection with this Subcontract shall be in a state court of competent jurisdiction in Lee County, Florida."

The Subcontractor later brought suit against the Surety in Miami-Dade County, seeking to enforce a claim against the public payment bond under the public bond statute for amounts unpaid by the General Contractor. The complaint also noted that the General Contractor breached the subcontract. But the Subcontractor did not name the General Contractor as a party to the lawsuit.

In response, the Surety moved to dismiss for improper venue. It argued that pursuant to the subcontract's venue selection clause, the proper venue was Lee County. The Subcontractor disagreed. It argued that the public bond statute rendered the subcontract's venue selection clause unenforceable. The Subcontractor further explained why Chapter 47, Florida Statutes, authorized venue in Miami-Dade County in this case. The trial court ultimately agreed with the Subcontractor and denied the Surety's motion to dismiss for improper venue. The Surety appealed.

## ANALYSIS

We must decide the proper venue for an action brought by a subcontractor against a surety on a public payment bond, where the public bond statute provides that such an action may be brought in any county authorized by Chapter 47, where

3

the statute further prohibits any provision in a payment bond that restricts venue, where the subcontract restricts venue, and where the principal on the bond (the general contractor) is not named in the subcontractor's action. Because this issue requires us to interpret the public bond statute, our standard of review is de novo. See Borden v. E.-European Ins. Co., 921 So. 2d 587, 591 (Fla. 2006) ("This issue involves a question of statutory interpretation and thus is subject to de novo review.").

The public bond statute provides that an action against a surety on a public payment bond may be brought in any county authorized by Chapter 47. § 255.05(5) ("In addition to the provisions of chapter 47, any action authorized under this section may be brought in the county in which the public building or public work is being constructed or repaired."). It further prohibits any provision in a payment bond that restricts the venue of any proceeding relating to such bond. § 255.05(1)(e) ("Any provision in a payment bond issued on or after October 1, 2012, furnished for public work contracts as provided by this subsection . . . which restricts the venue of any proceeding relating to such bond . . . is unenforceable.").

In this case, the Subcontractor brought an action against the Surety based on the public payment bond and the public bond statute. Thus, contrary to the Surety's argument, the Subcontractor's cause of action against the Surety is based first and foremost upon the surety bond. See Am. Ins. Co. v. Joyner Elec., Inc., 618 So. 2d

799, 800 (Fla. 1st DCA 1993) ("[T]he 'contract' is the surety bond issued by [the surety] which adopts the venue provisions of Chapter 47, Florida Statutes."). To the extent that Insurance Company of North America v. Jetstar Development, Inc., 515 So. 2d 272 (Fla. 4th DCA 1987) holds that the subcontract is the operative contract in these facts, we respectfully disagree with it.

Because the Subcontractor's cause of action is based on the surety bond, the venue selection clause in the subcontract will control the cause of action only if it is read into the surety bond. Upon being read into the surety bond, however, the venue selection clause becomes void pursuant to section 255.05(1)(e), which expressly prohibits any provision in a surety bond that restricts venue. This reasoning follows the language of the statute. To hold otherwise would make the public bond statute's prohibition on venue-restricting provisions in a bond a virtual nullity because it could be evaded so easily.

In so ruling, we do not reach the issue of whether our holding would apply to an action brought by a subcontractor against both the general contractor and the general contractor's surety. We note, without deciding, that such an issue may involve different considerations. See Miller & Solomon Gen. Contractors, Inc. v. Brennan's Glass Co., 837 So. 2d 1182, 1184 (Fla. 4th DCA 2003) ("We recognize that a plaintiff should not be permitted to thwart a venue provision in a contract by

5

joining a contract claim with a separate cause of action. . . . Multiple suits would split the action and open the door to conflicting results.").

Affirmed.